GABRIEL MAGES *vs.* ALFRED BROWN, INC., ET ALS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued May 12th—decided July 22d, 1937.

*Edward S. Pomeranz,* with whom, on the brief, was *George Miske,* for the appellants (named defendant and insurer).

*William Reeves,* with whom, on the brief, were *Raymond E. Baldwin* and *Samuel G. Payne,* for the appellees (defendants Meeker Coal Company and insurer).

AVERY, J. The claimant in this case presented a claim for compensation against Alfred Brown, Inc., and Meeker Coal Company, both of Norwalk. A hearing was had before the compensation commissioner of the fourth district who made an award directing the Meeker Coal Company and its insurer, National Casualty Company, and Alfred Brown, Inc., and its insurer, Indemnity Insurance Company, after allowing for payments already made, to pay to the claimant the sum of $13.50 per week commencing February 15th, 1936, and continuing during the disability, and also his medical expenses. From this award the Meeker Coal Company, as employer, and the National

Casualty Company, as insurer, appealed to the Superior Court in Fairfield County; and the court, after a hearing, entered judgment remanding the case to the commissioner for a further finding of facts. From this judgment, Alfred Brown, Inc., and its insurer, Indemnity Insurance Company, has appealed to this court.

The material facts disclosed by the finding of the commissioner are as follows: On January 28th, 1935, while the claimant was in the employ of the Meeker Coal Company, engaged in loading cement blocks, he fell from the tailboard of a truck and injured his spine. He was given medical attention, and a voluntary agreement was made and approved whereby he was paid compensation during his disability to March 18th, 1935, on which date he returned to work. He was given light work at which he continued for about three weeks when he was given employment by respondent Alfred Brown, Inc., where he was furnished with light work driving an oil truck requiring no lifting or heavy labor. On January 18th, 1936, while making an oil delivery to a customer, he slipped on an icy pavement and injured his left shoulder and back. He immediately reported the accident and did no further work but rode on the company's truck with the driver, receiving his salary until February 14th, 1936, when he was compelled to stop work because of severe pain in his back. Following the first injury in January, 1935, the claimant continued to suffer pain in his back and was compelled to wear a brace, and was only able to do light work. He had not fully recovered from the first injury and was wearing his brace at the time of the second injury. He would probably have been able to continue at his light work if the second injury had not occurred, but it was impossible to state when, if ever, he would have been able to resume his regular

heavy work. It was impossible to state the degree or extent of his present incapacity were it not for the partial incapacity already existing from the previous condition of his back. It was agreed that his average weekly wages were $27. The commissioner found that both injuries were substantial factors in the claimant's present disability, that all the respondents were responsible therefor, and made an award accordingly. The Superior Court remanded the case to the commissioner for a further finding of the subordinate facts in respect to the character of the two injuries to claimant's back and spine, the court being of the opinion that neither the character of the first injury to his spine nor that of the second to his shoulder and back was stated, nor did facts appear from which it would be possible to say whether his present condition was the result of one or the other, or both.

The finding states that the claimant injured "his spine" in the fall on January 28th, 1935, and that he injured his "left shoulder and back" on January 18th, 1936. Obviously, the commissioner used the words "spine" and "back" interchangeably because in later paragraphs of the finding he refers to the first injury as a back injury. Further particularity in describing the injuries would not alter the conclusion of the commissioner that both injuries were substantial factors in claimant's final incapacity. The question whether or not the disability of the claimant was due to the first or second accident or both, was one which was essentially a medical question, and there was testimony before the commissioner from the doctors on behalf of both parties bearing directly upon that subject. A more particular description of the injuries would be entirely unavailing so far as the trial court was concerned in determining that question. Nor should the case have been remanded that the testimony of

the doctors might be incorporated in the finding. Evidence has no place in a finding. *R an W Hat Shop, Inc.* v. *Sculley,* 98 Conn. 1, 10, 118 Atl. 55; *Pope Foundation, Inc.* v. *New York, N. H. & H. R. Co.,* 106 Conn. 423, 426, 138 Atl. 444; *Kane* v. *Kane,* 107 Conn. 716, 721, 142 Atl. 466. As no useful purpose was served by a remand of the case to the commissioner for a further finding of facts, it follows that the trial court was in error in so doing, and should have decided the appeal upon the record presented.

The only question before the commissioner was the determination of the responsibility of the employers for the compensation due the claimant and the necessary medical expense. The trial court discussed this question in its memorandum of decision but did not decide it, and remanded the case to the commissioner for a further finding of facts. However, both parties have argued this question before us. As the remand of the case to the Superior Court for the rendition of judgment upon the finding of the commissioner would necessarily require the determination of this issue, with the probability of a second appeal to this court, we have decided to consider it.

Under our law, compensation does not depend upon the condition of health of the employee or upon his freedom from liability to injury through a constitutional weakness or latent tendency. If the injury is the cause of the disability, it is compensable even though such an injury might not have caused the disability if occurring to a healthy employee or even an average employee. *Nicotra* v. *Bigelow, Sanford Carpet Co.,* 122 Conn. 353, 361, 189 Atl. 603; *Hartz* v. *Hartford Faience Co.,* 90 Conn. 539, 543, 97 Atl. 1020; *Richardson* v. *New Haven,* 114 Conn. 389, 392, 158 Atl. 886; *Henry* v. *Keegan,* 121 Conn. 71, 76, 183 Atl. 14. In *Saddlemire* v. *American Bridge Co.,* 94

Conn. 618, 110 Atl. 63, a claimant broke his left leg in 1908, but practically recovered. He injured his right leg in 1918, necessitating its amputation. Plebitis developed in the left leg and total incapacity resulted. The whole incapacity was attributed to the last injury, where we said (page 629): "If we assume this condition: a weakened left leg due to a prior injury, predisposing it to plebitis if unusual strain and weight were placed upon it, and the injury of December 8th, the loss of the right leg, throwing this strain and weight on the left leg which caused plebitis to the left leg and rendered it useless, the plebitis is not to be attributed to the prior injury, but to the last injury which was its predisposing cause." Again, we said (p. 630): "The plaintiff's condition of partial incapacity, following the prior injury, has been transformed into a total incapacity by reason of the loss of the right leg and its resulting consequences. Logically and practically the injury to the leg should be held to be the cause of the total incapacity. The prior injury injured his left leg, but it was still a useful leg. The injury of December 8th, took away his right leg and made his left leg useless. *Branconnier's Case,* 223 Mass. 273, 111 N. E. 792." In *Fair* v. *Hartford Rubber Works Co.,* 95 Conn. 350, 353, 111 Atl. 193, we held that a one-eyed employee who sustains a personal injury arising out of and in the course of his employment which destroys the sight of his remaining eye whereby he is wholly and totally incapacitated, is entitled under our Compensation Act to compensation for total incapacity rather than the lesser sum specifically provided in the act for the loss of one eye only. In *Madden's Case,* 222 Mass. 487, 494, 111 N. E. 379, the underlying principle is thus stated: "The previous condition of health is of no consequence in determining the amount of relief to be afforded. It has no more

to do with it than his lack of ordinary care or the employer's freedom from simple negligence. It is a most material circumstance to be considered and weighed in ascertaining whether the injury resulted from work or from disease. It is the injury arising out of the employment and not out of disease of the employee for which compensation is to be made. Yet it is the hazard of the employment acting upon the particular employee in his condition of health and not what that hazard would be if acting upon a healthy employee or upon the average employee. The act makes no distinction between wise or foolish, skilled or inexperienced, healthy or diseased employees. All who rightly are described as employees come within the act."

To avoid the result reached in the *Saddlemire* and *Fair* cases, our act has been amended (Public Acts, 1919, Chap. 142, § 1; Public Acts, 1921, Chap. 306, § 1; Public Acts, 1927, Chap. 307, §§ 3 and 7) providing specific indemnity for the loss of the second member in such cases and for apportionment in cases of preëxisting disease. These amendments, however, have not changed the fundamental principle of our compensation law except as to the specific cases to which they apply (*Richardson* v. *New Haven,* supra, p. 392), and have no application to the facts involved in the present case. In the instant case, the claimant had suffered a compensable injury while in the employ of the first employer, Meeker Coal Company, and a voluntary agreement was made and approved by which he was paid compensation during disability by that employer. He was still suffering from it but was back at work earning full wages. It is found that except for the second accident, he would probably have been able to continue at his light work and he was receiving the same salary as before the first accident. Clearly,

under our decisions, the second employer and its insurer are responsible to pay full compensation for the claimant's present disability. The first employer, Meeker Coal Company, had ceased to pay him compensation when he engaged in the work which he was doing at the time of the second injury and he would probably have been able to continue at that work. We must consider it as having compensated him in full for the first injury and it is not liable for the present disability, caused solely by the second accident. As regards the first employer, the second accident upon this finding is to be regarded as an intervening cause. A very different situation was before us in *Plecity* v. *McLachlan Hat Co.*, 116 Conn. 216, 164 Atl. 707. There three insurers had issued successive policies, each covering part of a period of employment extending over several years; the plaintiff suffered a single injury to which his employment during the entire period materially contributed; and we held that the policies were to be construed to impose liability upon all three of them.

There is error; the judgment is set aside and the cause remanded to the Superior Court with direction to sustain the appeal of the respondents, Meeker Coal Company and National Casualty Company, and remand the case to the commissioner with direction for an award in favor of the Meeker Coal Company and its insurer, National Casualty Company, respondents, and for an award of compensation in favor of the claimant against Alfred Brown, Inc., and its insurer, Indemnity Insurance Company of Hartford.

In this opinion the other judges concurred.