THERESA FIENGO *v.* E. VITALE, INC., ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued May 5—decided June 8, 1939.

*George E. Beers* and *Edward S. Snyder,* for the appellant (plaintiff).

*John E. McNerney*, with whom, on the brief, was *Daniel L. O'Neill*, for the appellees (defendants).

AVERY, J. This is an appeal from a judgment of the Superior Court sustaining a finding and award of the compensation commissioner denying the plaintiff's claim for compensation. The plaintiff was employed as a sewing machine operator in the defendant's garment factory in New Haven. On April 28, 1938, the claimant became ill. A wound upon her right leg had become infected and inflamed causing high temperature and disability. The physicians pronounced her condition cellulitis. The plaintiff claimed her disability had its origin in an injury which she had received on April 11, 1938, in the defendant's plant in the course of her employment. Her claim was that in the noon hour while arranging with a fellow employee some tables and benches provided by the employer for the use of his employees in taking their lunch, a piece of the furniture came in contact with her right leg an inch or two below the knee, causing a wound. She continued to work until April 28th, when she became disabled by the condition of the wound which had become aggravated by infection. There was no controversy between the parties that the plaintiff was in fact disabled upon April 28th by reason of the infected condition of her leg. The question at issue was whether her disability resulted from an injury received in the course of her employment of April 11th, as she claimed.

Upon this point the commissioner found these facts: The claimant continued to work at the employer's place until April 28, 1938. Prior to this time she did not report any injury to anyone in authority at the plant, nor did she mention her injury to the presiding officer of her union, a fellow employee. The first

knowledge the employer had of any claimed injury was on May 16, 1938, when a report was made to the bookkeeper by the presiding officer of the union who had secured the information on May 15th. A union meeting was held the day of the alleged injury. The claimant asked the presiding officer to be excused from attendance but permission was not given. The plaintiff did not give as an excuse the fact that she was injured. The commissioner further found that Dr. Capecelatro of New Haven was called to render treatment and although he saw the claimant on more than one occasion professionally he did not obtain any history of an injury having occurred at her employer's plant. Reasoning that because of lack of notice of injury to the employer until May 18th and lack of history of any injury to the attending doctor and lack of report of an injury to the presiding officer of the union, the commissioner found and concluded that the claimant did not sustain any injury at the plant of her employer on April 11th.

These findings and conclusions were attacked by the claimant on appeal and the evidence taken before the commissioner has been certified. The plaintiff testified in substance: That in the noon hour, with another woman employed at the plant, Mrs. De-Stephano, in order that they might have lunch, she attempted to take down a table and bench which had been provided by the employer for that purpose. While doing this her right leg came in contact with the edge of a piece of the furniture and was cut and bled. She reported the accident to the foreman of the shop and asked for an antiseptic to apply to the wound. Later in the day she was informed by the presiding officer (Mrs. Beatrice Linz) of the union to which she belonged that a meeting would be held that night. The plaintiff asked to be excused from attendance on

the ground that she had been hurt. The plaintiff considered the wound not serious and attempted to treat it with ointments and salves and continued to work. On April 28th, however, she was taken seriously ill and was attended by Dr. Capecelatro and also by Dr. Conte.

Mrs. DeStephano testified that she was with the plaintiff at the defendant's factory at the time the injury was received, saw the plaintiff's right leg and the cut upon it at that time and informed the foreman thereof, asking for an antiseptic which was not available. Mrs. Maiorano, a neighbor, testified that she saw the plaintiff on the evening of April 11th at the plaintiff's home, that she saw the wound, gave a treatment and was informed by the plaintiff that the wound was received while working at the defendant's plant. The presiding officer of the union (Mrs. Linz) stated she informed the plaintiff of the union meeting to be held on the evening of April 11th and the plaintiff asked to be excused but did not mention having been injured while at work that day. The foreman of the room to whom the plaintiff and Mrs. DeStephano testified the injury had been reported was not produced as a witness.

Upon an appeal to the Superior Court from a finding and award of a compensation commissioner the court cannot retry the facts. It inquires into the facts merely to determine whether the finding and award appealed from are unauthorized in law, irregular or informal, or based upon a misconception of the law or of the powers or duty of the administrative tribunal, " 'or are so unreasonable as to justify judicial interference.' " *Kennerson* v. *Thames Towboat Co.*, 89 Conn. 367, 370, 94 Atl. 372. "The court cannot review conclusions of fact made by a commissioner which merely concern the weight of evidence and the credi-

bility of witnesses." *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 153, 93 Atl. 245. "The foundation underlying the power which the Superior Court exercises in correcting the finding of a commissioner is its right to correct the finding when it is 'so unreasonable as to justify judicial interference.'" *Leszczymski* v. *Radel Oyster Co.*, 102 Conn. 511, 516, 129 Atl. 539.

The plaintiff's statement that she informed Mrs. Linz of her injury at the factory upon the day of its claimed occurrence was contradicted by Mrs. Linz. In addition she failed to give to Dr. Capecelatro a history of injury at the factory. The only claimed notice to her employer before May 18th was the evidence that she had told the foreman of her room of her injury on April 11th but he was not produced at the trial. Under all the circumstances we cannot say that the refusal of the commissioner to credit the testimony of the plaintiff and her witnesses and his finding that she did not sustain any injury at the plant of her employer on the day in question is so unreasonable as a matter of law as to justify judicial interference.

There is no error.

In this opinion the other judges concurred.