KATHERINE BAKTIS *v.* SIDNEY BLUMENTHAL & COMPANY ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.
Argued January 7—decided February 7, 1941.

*George J. Grady,* for the appellant (plaintiff).

*John E. McNerney,* with whom was *Francis J. Moran,* for the appellees (defendants).

PER CURIAM. The compensation commissioner refused an award of compensation to the plaintiff as a dependent of Michael Baktis, the Superior Court sustained that award, and the plaintiff has appealed to this court. The commissioner found the following facts: The deceased for approximately six months before his death had been engaged in moving bolts of cloth weighing eighty to eighty-five pounds each and the operation involved lifting them off a hand truck and piling them on the floor, one on top of the other. The truck carried a load of four bolts and they were moved by two, three or four men, depending upon the amount of the work. On the night of March 14, 1939, after finishing the piling of some of the bolts on the floor, the deceased fell and died in a few minutes. The work being done by the deceased at the time was the same work and done in the same manner as he had

been doing it for six months before and there was no over-exertion or unusual exertion about it on that particular night. He died of coronary occlusion. The commissioner also found that there was no causal connection between the work he was doing and the coronary occlusion, and that he did not sustain an injury arising out of his employment which resulted in his death. Whether the coronary occlusion was caused by the employment was a question in regard to which medical testimony offered at the hearing might well be deemed by the commissioner to be controlling. While the doctor called by the plaintiff testified that it was quite probable that the work the deceased was doing caused the coronary occlusion, the physician called by the defendants testified that he had no reason to believe that such a causal relationship existed. In view of this conflict in the medical testimony, the trial court could properly conclude that the finding of the commissioner was conclusive. *Reynolds* v. *Rider Dairy Co.*, 125 Conn. 380, 383, 5 Atl. (2d) 855; Conn. App. Proc., § 123. The finding of the commissioner that the deceased was, on the night in question, doing the same work in the same manner as he had been doing it for six months before must stand, and none of the other corrections sought in the finding could affect the conclusion to which the commissioner came. *Mages* v. *Alfred Brown, Inc.*, 123 Conn. 188, 191, 193 Atl. 780.

There is no error.