RALPH ST. JOHN *v.* U. PICCOLO AND COMPANY, INC., ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued January 6—decided March 6, 1942.

*Martin E. Gormley,* for the appellants (defendants).

*Joseph Weiner,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff in this case sought compensation from his employer for a hernia claimed to have been incurred in the course of his employment. The case was heard by the commissioner, who found these facts: The plaintiff was in the employ of the named defendant. His duties were to load and unload

produce from trucks and deliver it to his employer's customers. On March 19, 1941, he was directed by his superior to put a hundred-pound bag of potatoes on the delivery truck he was loading. He put the bag on a hand truck, wheeled it over to the delivery truck, lifted the bag of potatoes from the hand truck and put it on the back of the delivery truck, got on to the delivery truck and moved the bag of potatoes to the front. He then went to the rear of the truck and got down on the ground. As he was walking back from the delivery truck to the defendant's store, he felt a burning sensation in his lower left abdomen. He told his superior about the pain and on the latter's advice sat down for about five or ten minutes. His superior then drove him home. That evening, the plaintiff consulted a doctor, who found upon examination a swelling in the left groin and diagnosed the condition as an indirect inguinal hernia. The commissioner found that the hernia was not the result of any accidental injury accompanied by pain and dismissed the claim for compensation. On appeal to the Superior Court, the case was remanded to the commissioner for a finding as to the existence or non-existence of a pre-existing hernia. The commissioner found that the hernia did not pre-exist the incident of March 19, 1941. The trial court thereupon reversed the decision of the commissioner and remanded the case to him for an award in favor of the plaintiff, and from this decision the defendants have appealed.

The Workmen's Compensation Act, General Statutes, § 5237, provides: "In order to be entitled to compensation for a hernia, the employee shall prove that the hernia resulted from an accidental injury accompanied by evidences of pain, that inability to work followed such accident within one week, that there was not a pre-existing hernia at or prior to the acci-

dent for which compensation is claimed and that, within two weeks thereafter, the facts of such accident were communicated to the employer." The defendants claim that a hernia to be the subject for compensation must result from an "accidental injury" and that where it comes about in the ordinary pursuit of one's employment it is not within the provisions of the statute. Our compensation law, unlike those in many of the other states, does not make the basis of recovery in ordinary cases the occurrence of an accidental injury, but provides compensation where a "personal injury" is sustained which arises out of and in the course of employment. General Statutes, § 5226. This gives to our act a scope perhaps broader than that of many of the acts in other states. *Madden's Case,* 222 Mass. 487, 489, 111 N. E. 379. We have had occasion to consider what would constitute an accidental injury only incidentally. In *Linnane* v. *Aetna Brewing Co.,* 91 Conn. 158, 162, 99 Atl. 507, we stated: "An accidental bodily injury may, therefore, be defined as a localized abnormal condition of the living body directly and contemporaneously caused by accident; and an accident may be defined as an unlooked-for mishap or an untoward event or condition not expected." We repeated this definition in *Ahern* v. *Spier,* 93 Conn. 151, 152, 105 Atl. 340.

Even under the acts of other states it is generally held that an internal injury that is itself sudden, unusual and unexpected is none the less accidental, because it is incurred in the course of the employee's ordinary work; and that an injury incurred by a workman while performing his work in the normal, ordinary way may be an "accidental injury" and compensable. *Fenton* v. *J. Thorley & Co., Ltd.,* Appeal Cases (1903) 443, 446, 449, 451, 452, 453; *Mamie Taylor's Case,* 127 Me. 207, 209, 142 Atl. 730; *Mederos* v.

*McLeod*, (R.I.) 14 Atl. (2d) 22, 24; *Hamilton* v. *Penna. R. R.*, 298 Pa. St. 22, 24, 147 Atl. 837; *Gilliland* v. *Cement Co.*, 104 Kan. 771, 773, 180 Pac. 793; *Baggot Co.* v. *Industrial Commission*, 290 Ill. 530, 532, 125 N. E. 254; *Bystrom Brothers* v. *Jacobson*, 162 Wis. 180, 181, 155 N. W. 919; *Brown* v. *Lumbermen's Mutual Casualty Co.*, 49 Ga. App. 99, 101, 174 S. E. 359; *Juhl* v. *Hussman-Ligonier Co.*, (Mo. App.) 146 S. W. (2d) 106, 108. This rule has been applied in cases of hernia. *Giguere* v. *Whiting Co.*, 107 Vt. 151, 156, 177 Atl. 313; *Matter of Williams* v. *Duff Distributing Co.*, 246 App. Div. 871, 284 N. Y. S. 880; *Zappala* v. *Industrial Ins. Commission*, 82 Wash. 314, 316, 144 Pac. 54; *Gulf States Creosoting Co.* v. *Walker*, 224 Ala. 104, 106, 139 So. 261; *Smith* v. *Creamery Co.*, 217 N. C. 468, 471, 8 S. E. (2d) 231; *Webster* v. *Lloyd A. Fry Roofing Co.*, 177 Tenn. 122, 125, 146 S. W. (2d) 946; *Drecksmith* v. *Universal Carloading & Distributing Co.*, (Mo. App.) 18 S. W. (2d) 86, 88; *Poccardi* v. *Public Service Commission*, 75 W. Va. 542, 547, 84 S. E. 242. There would be no question under our act that hernia arising out of and in the course of the ordinary pursuit of one's employment would be compensable were it not for the specific provisions in the act we have quoted.

These originated in certain amendments to the act made by the legislature in 1927. Public Acts 1927, Chap. 307, § 4. These amendments were the result of an agreement between the representatives of both employers and employees. Dissenting opinion of Wheeler, C. J., in *O'Brien* v. *Wise & Upson Co., Inc.*, 108 Conn. 309, 323, 143 Atl. 155. The language of the provisions concerning hernia was somewhat changed at the next session of the legislature, taking then its present form; Public Acts, 1929, Chap. 242, § 2; but the requirement that, in order to recover for a hernia, the em-

ployee must prove that it "resulted from an accidental injury" was retained. If we were to apply to this clause in the act the broad definition of accidental injury to which we have referred above, the hernia itself would constitute it. That would make entirely superfluous the requirement of proof that it "resulted from an accidental injury," and interpret the provision as requiring only proof of hernia accompanied by evidences of pain, with the other conditions stated. Our court very early approved the rule that "a statute ought to be so construed, that, if it can be prevented, no clause, sentence, or word, shall be superfluous, void, or insignificant." *Barstow* v. *Adams,* 2 Day 70, 98; and see *Cadwell* v. *State,* 17 Conn. 467, 471; *Savings Bank of Rockville* v. *Wilcox,* 117 Conn. 188, 193, 167 Atl. 709; 59 C. J. 995, § 595. We must therefore construe the requirement of proof that a hernia "resulted from an accidental injury" as meaning that the accident referred to is an "unlooked-for mishap or an untoward event or condition not expected" occurring in the conditions of the employment. This conception is apparent in our decision in *O'Brien* v. *Wise & Upson Co., Inc.,* supra, although the particular words we are now considering were not directly involved. Such an "untoward event or condition not expected" may be found to consist of unexpected conditions arising in the course of the employment which subject the employee to a sudden and unexpected strain resulting in the hernia. In the case of *Linnane* v. *Aetna Brewing Co.,* supra, we said that "unusual weather conditions, or the consequent untimely and prolonged hours of labor, or both, may be said to supply the element of an untoward or unexpected condition of the employment"; and in *Galluzzo* v. *State,* 111 Conn. 188, 193, 149 Atl. 778, we said that the definition of accident in the *Linnane* case might sometimes be satisfied by proof

of exposure or other severe and unusual working conditions.

The commissioner's finding is merely that the plaintiff put a bag of potatoes weighing one hundred pounds upon a hand truck, wheeled it to a delivery truck, lifted it into the delivery truck and moved it to the front. As far as the finding discloses, this might have been done in the ordinary pursuit of the plaintiff's employment, without there being present any conditions taking it out of the usual method in which he performed his work. The commissioner stated his conclusion in rather an equivocal way; he found that "the hernia was not the result of any accidental injury accompanied by evidences of pain." The trial court concluded that this finding was untenable and sustained the appeal. The subordinate facts are insufficient to justify the trial court in concluding that the commissioner should have found as matter of law that the hernia "resulted from an accidental injury" within the meaning of the statute. As, however, it may be that on the evidence already heard or as a result of a further hearing, the plaintiff may prove that the hernia was sustained in this way, the proper course is to have the case returned to the commissioner for further proceedings. *France v. Munson,* 123 Conn. 102, 106, 192 Atl. 706.

The defendants make the further claim that the injury in this case was not accompanied by evidences of pain. In *Arduini* v. *General Ice Cream Co.,* 123 Conn. 43, 47, 192 Atl. 314, we said: "Nontechnical definitions of 'pain' while varying in form of expression all connote some degree of distress or suffering. . . . The amended statute also goes farther than to render pain attending injury sufficient of itself to render hernia compensable; it requires that the injury be 'accompanied by evidences of pain.' Therefore it would

not be sufficient if the employee felt pain subjectively; it must be manifested objectively by some outward sign or indication evidencing it, significant of its occurrence and of the time thereof analogous to the evidence afforded, under the statute of 1927, by immediately ensuing inability to work. Evidence of this kind may be afforded in various ways, as by observed involuntary gesture, facial expression, or exclamations indicative of distress." The evidences of pain required by the statute must accompany the accidental injury.

In the act of 1927 it was required that, to be entitled to compensation because of a hernia, one of the things the employee must prove was that inability to work "immediately followed" the accident. In *O'Brien* v. *Wise & Upson Co., Inc.*, supra, decided in 1928, the majority of the court construed the word "immediately" to mean "without a substantial interval of time." Wheeler, C. J., filed a vigorous dissent, suggesting at the end that the law be amended. The act, as we have stated, was amended into its present form in 1929. The provision that the accidental injury be "accompanied by evidences of pain" was added in that amendment. Had it been the intention of the legislature to require that the evidences of pain must immediately manifest themselves, it would no doubt, in the light of our decision in the *O'Brien* case, have used language sufficient to accomplish this purpose. The statute does not require that there must be an instantaneous display of pain, but permits a reasonable interval to intervene between the time when the employee suffered the strain and the time when he showed evidences of pain caused by it. The commissioner's finding is that as the plaintiff was walking from the delivery truck to the store he felt a burning sensation. Such a sensation is unpleasant and painful, and when he told his superior that he felt it he gave

"evidences of pain." Whether these "accompanied" the injury within the meaning of the law will be for the commissioner to determine upon the rehearing in view of the evidence already heard by him or upon such further evidence as he may hear.

There is error, the judgment is set aside and the case is remanded with direction to return it to the commissioner for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.