## ANGELO GAROFOLA *v.* YALE & TOWNE MFG. COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued January 5—decided February 7, 1945.

*Louis Feinmark,* for the appellant (plaintiff).

*John E. McNerney,* with whom was *Francis J. Moran,* for the appellees (defendants).

DICKENSON, J. The commissioner found that the plaintiff, while working as a molder in the employ of the named defendant, suffered a low back sprain, and awarded him compensation. The defendants filed a motion to have the finding corrected as to certain subordinate facts, and a contrary conclusion reached, and upon the denial of this motion they appealed to the Superior Court. That court sustained the appeal upon the ground, as stated in its memorandum of decision, that there was "the concomitance of pain with the performance of the duties of claimant's employment but there is nothing to indicate any particular occurrence connected with that employment which could have caused any injury that produced such pain."

In arriving at this decision, the court corrected the commissioner's finding by striking out subordinate findings that the plaintiff experienced a pain "while dragging out" a mold and that evidence of a medical nature in the form of itemized bills of doctors tended to support the claims of the low back sprain the plaintiff complained of; and the court added to the commissioner's finding that at the time of the pain the plaintiff was doing his regular work in the usual manner and nothing out of the ordinary occurred to cause the injury.

An examination of the record discloses no evidence to support the commissioner's finding that the plaintiff experienced a pain while dragging out a mold and justifies the court in dismissing this from its consideration as a basis for the conclusion of a compensable

injury. There still remained in the finding, however, the fact that two or three hours after starting his work the plaintiff felt a pain in his back which continued; that it was a low back sprain; and that due to it he later quit his employment. The trial court concluded that in the absence of a particular occurrence accounting for the sprain it was no more than coincidental, citing *McGrath* v. *Crane Co.*, 119 Conn. 170, 174, 175 Atl. 572, as authority for its position that the commissioner could not have found a causal relation between the work and the injury. In that case the question was whether there could have been a connection between the plaintiff's work and a detached retina. It could not be said to have been a matter of common knowledge that the symptoms described by the plaintiff as having occurred while doing his customary work were related to the injury, nor was there expert evidence of a reasonably probable connection. In the instant case there was not the like necessity for such testimony as to cause and effect, for it is in accord with ordinary human experience that such a sprain might well ensue in consequence of heavy work such as that in which the plaintiff was engaged.

The rationale of the court's decision, as we see it, is that a compensable injury cannot arise from doing usual work in a usual manner. This is based upon an unwarranted assumption of the infallibility of the human body. It may be said to be a matter of common knowledge that heavy manual labor that ordinarily results in no ill effect may on occasion result in a strain or sprain of the muscles or ligaments. In the case before us, the commissioner could have concluded that it was much more likely that the sprain occurred from the work in which the plaintiff was engaged, arising, as it did, during performance of the work, than that it occurred from some unknown cause.

This conclusion was within the bounds of reasonable inference; *Foster* v. *Hartford Buick Co.*, 131 Conn. 348, 350, 39 Atl. (2d) 884; and so it was a question of fact for the trier. An injury that is sudden, unusual and unexpected is none the less accidental because it is incurred in the course of the employee's ordinary work. *St. John* v. *U. Piccolo & Co., Inc.*, 128 Conn. 608, 611, 25 Atl. (2d) 54; *Jones* v. *Hamden*, 129 Conn. 532, 534, 29 Atl. (2d) 772. One of the subordinate facts upon which the commissioner based his conclusion, however, having been the dragging out of a mold, a fact not supported by the evidence, we may not say what his conclusion would have been in the absence of this, and the matter should be returned to him for further proceedings.

There is error, the judgment is set aside and the case is remanded with direction to return it to the commissioner for further proceedings in accordance with this opinion.

In this opinion, the other judges concurred.