HENRY MUND v. FARMERS COOPERATIVE, INC.

SUPERIOR COURT     NEW LONDON COUNTY     FILE NO. 19933

HENRY MUND v. FARMERS COOPERATIVE, INC.

SUPERIOR COURT     NEW LONDON COUNTY     FILE No. 19934

Memorandum filed June 19, 1951.

*Benjamin A. Markman,* of Hartford, for the Plaintiff.

*David E. FitzGerald, Jr.,* of New Haven, for the Defendant.

*Benjamin A. Markman,* of Hartford, for the Plaintiff.

*Edward S. Pomeranz,* of Hartford, for the Defendant.

DALY, J. These appeals are taken from the finding and award of the compensation commissioner for the second congressional district. The following appears in paragraphs 7, 8, 9 and 10 of the finding and award:

"7. It is found that the claimant had a congenitally weak back which made him susceptible to injury. The accidental injury of July 29, 1946 was a ruptured disc at the 4-5 lumbar interspace. The rupture responded to conservative treatment and partially healed, achieving maximum improvement in January, 1950, at which time the claimant had a residual permanent disability of 15%. On June 29, 1950, the claimant sustained a new accidental injury, consisting of a reopening of the old rupture at the 4-5 lumbar interspace. The two accidents were equal, concurrent and contributing causes of the claimant's disability since that date, the second injury being superimposed upon and an aggravation of the condition remaining from the first injury.

"8. The average weekly wage on June 29, 1950 was $69.01, and the compensation rate is therefore $32.00 per week.

"9. The respondent-employer and the respondent-insurers are directed to pay the claimant compensation for total disability at the rate of $32.00 a week for the period of 15-3/7 weeks from June 29 to October 16, 1950.

"10. The respondents are further ordered to pay the following medical bills which are found to be reasonable:

Dr. Burr H. Curtis and Dr. Walter L. Butterfield
Treatment .................................$ 68.00
Appearance at hearing ........................ 25.00
Dr. Benjamin Whitcomb
Treatment ................................. 315.00
Appearance at hearing ........................ 25.00
Hartford Hospital ............................. 568.82

In addition, the respondents are ordered to reimburse the claimant for incidental medical expenses incurred by him in the amount of $14.26, and for transportation in connection with his medical treatment, and to assume charges for continuing medical treatment recommended by Dr. Curtis as attending physician."

In their reasons of appeal the respondents in No. 19934 claim that the commissioner erred in refusing to correct the finding in the respects set out therein, in failing to dismiss the claim as against them, and in failing to find liability solely on the respondents, Farmers' Cooperative, Inc., and Ocean Accident and Guarantee Corporation.

In their reasons of appeal the respondents in No. 19933 claim that the commissioner erred in refusing to correct the finding in the respects set out therein, in concluding "that the two accidents were equal, concurrent and contributing causes of the claimant's disability since June 29, 1950," and that the commissioner erred "in holding both insurers liable instead of the Liberty Mutual Insurance Company alone."

"Upon an appeal to the Superior Court from a finding and award of a compensation commissioner the court cannot retry the facts. It inquires into the facts merely to determine whether the finding and award appealed from are unauthorized in law, irregular or informal, or based upon a misconception of the law or of the powers or duty of the administrative tribunal, ' "or are so unreasonable as to justify judicial interference." ' *Kennerson* v. *Thames Towboat Co.*, 89 Conn. 367, 370. . . . 'The court cannot review conclusions of fact made by a commissioner

which merely concern the weight of evidence and the credibility of witnesses.' *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 153. . . . 'The foundation underlying the power which the Superior Court exercises in correcting the finding of a commissioner is its right to correct the finding when it is "so unreasonable as to justify judicial interference." ' *Leszczymski* v. *Radel Oyster Co.*, 102 Conn. 511, 516. . . ." *Fiengo* v. *E. Vitale, Inc.*, 125 Conn. 559, 562.

Judgment is rendered in each case dismissing the appeal.