HENRY MUND *v.* FARMERS' COOPERATIVE, INC., ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued October 9—decided December 16, 1952

*Edward S. Pomeranz,* with whom was *William P. Aspell,* for the appellants (named defendant and defendant Liberty Mutual Insurance Company).

*Bernard Insler,* with whom, on the brief, were *David E. FitzGerald, Jr.,* and *Joseph M. Brandon,* for the appellants (named defendant and defendant Ocean Accident and Guarantee Corporation, Ltd.).

*Benjamin A. Markman,* for the appellee (plaintiff).

BROWN, C. J.  The Superior Court dismissed the defendants' appeals from a finding and award of the workmen's compensation commissioner in favor of the plaintiff against the defendant employer and its two defendant insurers.  Each of the latter, together with the employer, took an appeal.  By agreement

these have been combined in the present appeal. The question so presented is whether the trial court erred in sustaining the commissioner's finding and award.

The material facts found by the commissioner are not subject to correction and may be thus summarized: Since prior to July 29, 1946, except for periods of disability, the plaintiff has been continuously employed by the defendant employer. It insured its liability from July 29, 1946, until May 10, 1948, with the defendant Ocean Accident and Guarantee Corporation, Ltd., and thereafter, through June 29, 1950, with the defendant Liberty Mutual Insurance Company.

On July 29, 1946, the plaintiff strained his back in the course of his employment. Pursuant to an award of compensation for total disability, he was paid at a weekly rate of $22.56 by the defendant Ocean Accident. The plaintiff was totally disabled by the 1946 accident until October 13, 1946, when he returned to light work. His recovery was slow and he had recurrences of back pain and total disability in 1947. He continued under a doctor's care, and after a myelogram was done in January, 1948, the diagnosis was a possible ruptured disc at the intervertebral space between the fourth and fifth lumbar vertebrae and congenital anomalies consisting of a transitional fifth lumbar vertebra and narrowed lumbosacral joint space. Conservative treatment was continued, with ensuing cast, back brace and belt. While still wearing the brace, the plaintiff returned to light work about July 1, 1948. Thereafter, he continued to show improvement but suffered some pain. As of January, 1950, he had a 15 per cent permanent disability remaining from the accident of July 29, 1946.

On June 29, 1950, the plaintiff was stamping cardboard milk bottles into a container in the course of

his employment when he felt a sharp pain in his back. The next day his doctor had him admitted to the hospital, where another myelogram was done and an operation performed. A ruptured disc was found in the intervertebral space between the fourth and fifth lumbar vertebrae and was removed. Recovery was uneventful, and on October 16, 1950, the plaintiff returned to light work without reduction of pay. The plaintiff's average weekly wage on June 29, 1950, was $69.01.

The commissioner further expressly found that the plaintiff had a congenitally weak back which made him susceptible to injury. The accidental injury of July 29, 1946, was a ruptured disc at the 4-5 lumbar interspace. The rupture responded to conservative treatment and partially healed, achieving maximum improvement in January, 1950, at which time the plaintiff had a residual permanent disability of 15 per cent. On June 29, 1950, the plaintiff sustained a new accidental injury, consisting of a reopening of the old rupture at the 4-5 lumbar interspace. The two accidents were equal, concurrent and contributing causes of the plaintiff's disability since that date, the second injury being superimposed upon and an aggravation of the condition remaining from the first injury. The commissioner directed that the defendants pay the plaintiff compensation for total disability at $32 per week from June 29 to October 16, 1950, together with specified medical bills which were found to be reasonable, and assume charges for continuing medical treatment as recommended by the plaintiff's attending physician.

The appeal presents the question whether the court erred in sustaining the commissioner's decision requiring both of the defendant insurers, as well as the defendant employer, to pay the award. Liberty

Mutual urges that no liability can attach to it be-cause the incident in which the plaintiff was involved on June 29, 1950, did not constitute a new accident under the terms of the Workmen's Compensation Act. Section 7416 of the act, however, provides that " 'personal injury' . . . shall be construed to include, in addition to accidental injury which may be defi-nitely located as to the time when and the place where the accident occurred, an injury to an em-ployee which is causally connected with his employ-ment and is the direct result of repetitive trauma or repetitive acts incident to such employment." Fur-thermore, "an internal injury that is itself sudden, unusual and unexpected is none the less accidental, because it is incurred in the course of the employee's ordinary work." *St. John* v. *U. Piccolo & Co.,* 128 Conn. 608, 611, 25 A.2d 54; *Garofola* v. *Yale & Towne Mfg. Co.,* 131 Conn. 572, 575, 41 A.2d 451; *Jones* v. *Hamden,* 129 Conn. 532, 534, 29 A.2d 772. "The court cannot review conclusions of fact made by a commis-sioner which merely concern the weight of evidence and the credibility of witnesses . . . ." *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 153, 93 A. 245; *Kosik* v. *Man-chester Construction Co.,* 106 Conn. 107, 109, 136 A. 870. Since there was ample evidence that the plain-tiff did sustain a new accidental injury on June 29, 1950, it follows that, as indicated by the language quoted above, the contention of Liberty Mutual cannot prevail.

The other claim urged by Liberty Mutual in sup-port of its appeal is that, even though the 1950 inci-dent was a new accident within the terms of the act, the 1946 accident was the sole cause of the plaintiff's injury. Its suggestion is that the 1950 incident merely constituted a recurrence of the 1946 injury and was so minor a factor that it could constitute no

material part of the cause of the plaintiff's injury for which compensation was awarded. Not only is the principle quoted from the *Powers* case also applicable here but, as the Superior Court properly held in this connection, it had no power to overrule the commissioner's finding that "[t]he two accidents were equal, concurrent and contributing causes of the [plaintiff's] disability," since its right is restricted to correcting the finding when it is so unreasonable as to justify judicial interference. *Leszczymski* v. *Andrew Radel Oyster Co.*, 102 Conn. 511, 516, 129 A. 539; *Fiengo* v. *E. Vitale, Inc.*, 125 Conn. 559, 562, 7 A.2d 385. This record presented no such situation.

The principal contention of Ocean Accident upon its appeal is that the 1950 accident constituted an intervening cause which was effective to absolve it from liability. It argues that this is so since the 1946 rupture of the disc by conservative treatment had so healed that the plaintiff could return to work, and that it was the reopening of the old rupture by the 1950 accident which caused immediate disability and precipitated surgery. Under the principles discussed in the two preceding paragraphs, the commissioner's finding that the 1946 accident was a substantial factor in producing the disability of the plaintiff for which compensation was decreed cannot be disturbed. Since there was ample evidence to support it, his further finding that the 1950 accident did not constitute an intervening cause which broke that causal connection likewise cannot be disturbed. This being so, the fact that the plaintiff's disability did not appear until after the expiration of the period covered under the policy of Ocean Accident does not relieve it of liability. *Witchekowski* v. *Falls Co.*, 105 Conn. 737, 740, 136 A. 565.

Ocean Accident further contends that the case of *Mages* v. *Alfred Brown, Inc.,* 123 Conn. 188, 193 A. 780, constitutes controlling authority which conclusively determines that it cannot be held liable in the present action. In that case, as here, the plaintiff sustained a first injury during the period covered by the policy of the first insurer and a second injury during that covered by the policy of the second insurer, and the commissioner's award was for disability arising immediately subsequent to the second injury. Upon appeal this court held that, as between the insurers, the second must pay the full amount: There are, however, significant factual differences between the cases. In the *Mages* case there was no finding that the second injury consisted of a recurrence in the same spot, nor, in fact, did the finding show that there was any connection between the two injuries which the plaintiff sustained. The significance of this difference between the two cases is suggested by a statement (p. 195) in the *Mages* case pointing out the different situation in *Plecity* v. *George McLachlan Hat Co.,* 116 Conn. 216, 164 A. 707, a case of occupational disease where three insurers had issued successive policies: "[T]he plaintiff suffered a single injury to which his employment during the entire period materially contributed; and we held that the policies were to be construed to impose liability upon all three of [the insurers.]" The situation presented upon the facts found in the instant case is more nearly analogous to that in the *Plecity* case than to that in the *Mages* case. The decision in the *Mages* case does not excuse Ocean Accident from liability in the case before us.

There is a conflict of authority in other jurisdictions on the respective liability of successive insurers, but the rulings of a substantial group of courts

support our conclusion that the commissioner's award as against both insurers should be sustained. Thus, in jurisdictions including New York, Minnesota and Arkansas, the courts have held successive insurers liable. *Matter of Anderson* v. *Babcock & Wilcox Co.,* 256 N.Y. 146, 149, 175 N.E. 654; *Matter of Feuerstein* v. *A. Feder & Co.,* 247 App. Div. 843, 286 N.Y.S. 500; *Matter of Cox* v. *Roosevelt Hospital,* 252 App. Div. 708, 298 N.Y.S. 799; *Peniston* v. *City of Marshall,* 192 Minn. 132, 135, 255 N.W. 860; *Carpenter* v. *Arrowhead Steel Products Co.,* 194 Minn. 79, 82, 259 N.W. 535; *Employer's Casualty Co.* v. *United States Fidelity & Guaranty Co.,* 214 Ark. 40, 46, 214 S.W.2d 774. In Massachusetts and Michigan, on the contrary, the second insurer has been held liable for the whole amount. *Borstel's Case,* 307 Mass. 24, 25, 29 N.E.2d 130; *Rock's Case,* 323 Mass. 428, 429, 82 N.E.2d 616; *Evans's Case,* 299 Mass. 435, 437, 13 N.E.2d 27; *Brinkert v. Kalamazoo Vegetable Parchment Co.,* 297 Mich. 611, 615, 298 N.W. 301. Whether or not some of these decisions may be distinguished upon factual or statutory differences it is unnecessary to consider. It is our conclusion that, upon the facts found in the present case, common sense and fairness support the rule adopted in New York, Minnesota and Arkansas. The commissioner's conclusion holding both insurers equally liable was properly sustained.

But one further claim requires mention. Ocean Accident urges that, should this court find no error, it will be prejudiced since it will be required to pay its part of the compensation on the basis of a weekly rate of $32, under the present statute, instead of on the basis of $22.56, the rate which prevailed at the time of the first accident in 1946. Since the 1946 accident was an equal, concurrent and contributing

cause of the disability of the plaintiff by reason of which compensation was granted for total incapacity from June 29 to October 16, 1950, the award was properly predicated on the statutory rate applicable during that period.

There is no error.

In this opinion the other judges concurred.