BATTISTA ACQUAOTTA *v.* NILES BEMENT POND COMPANY ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 95194

Memorandum filed July 14, 1954.

*Rogin & Nassau,* of Hartford, for the Plaintiff.

*Campion & Watrous,* and *Edward S. Pomeranz,* both of Hartford, for the Defendants.

SHANNON, J. This is an appeal from the finding and award by the compensation commissioner for the first congressional district. There are thirteen reasons of appeal alleged but, as the appellants-defendants set forth in their brief, they may be divided into three main issues. First, it is claimed

that there is no evidence of an accident and therefore the claimant has sustained no personal injury within the meaning of the Workmen's Compensation Act and, secondly, that his heart condition did not arise out of his employment. In *Garofola* v. *Yale & Towne Mfg. Co.*, 131 Conn. 572, 574, the Supreme Court said, "The rationale of the court's decision, as we see it, is that a compensable injury cannot arise from doing usual work in a usual manner. This is based upon an unwarranted assumption of the infallibility of the human body. It may be said to be a matter of common knowledge that heavy manual labor that ordinarily results in no ill effects may on occasion result in a strain or sprain of the muscles or ligaments. In the case before us, the commissioner could have concluded that it was much more likely that the sprain occurred from the work in which the plaintiff was engaged, arising, as it did, during the performance of the work, than that it occurred from some unknown cause. This conclusion was within the bounds of reasonable inference; *Foster* v. *Hartford Buick Co.*, 131 Conn. 348, 350 . . .; and so it was a question of fact for the trier. An injury that is sudden, unusual and unexpected is none the less accidental because it is incurred in the course of the employee's ordinary work. *St. John* v. *U. Piccolo & Co., Inc.*, 128 Conn. 608, 611 . . .; *Jones* v. *Hamden*, 129 Conn. 532, 534 . . . ." Mutatis mutandis, this answers both the first and second issues above set forth.

This leaves only the third issue, namely that in his correction of the award the commissioner has disobeyed and thwarted the specific order of the Superior Court. This court, on July 2, 1953, ordered the commissioner to add to the finding paragraphs 1, 2 and 4 of the motion to correct. This he did, and in addition to paragraph 4 he added "but on December 9th he had to pry a piece of work out of a fixture

in which it had been stuck," which is undisputed in the evidence. The evidence further is that while this is normal procedure, it only occurs sometimes. See transcript of evidence, pp. 16, 18 (testimony of Joseph Stalin and Dominic Riccardo). The commissioner was simply pointing out that December 9, 1952, was one of the days on which it was necessary to do this. This he had a right to do. The finding of the facts is the commissioner's duty. *Burdick* v. *United States Finishing Co.*, 128 Conn. 284. The function of this court is to determine whether or not the finding should be corrected by adding to the finding facts which are admitted or undisputed and whether there was evidence to support in law the conclusions reached. Practice Book, § 312. Paragraphs 1 and 2 of the reasons of appeal are denied because the commissioner has already found them in so far as they are admitted or undisputed. Paragraphs 3 to 13, inclusive, are denied for the reasons already stated.

The appeal is dismissed.