STATE OF CONNECTICUT *v.* MICHAEL MAGNOTA

CIRCUIT COURT                                   TWELFTH CIRCUIT
                                          FILE No. CR 12-0815

Memorandum filed August 23, 1961

*Eugene T. Kelly,* prosecuting attorney, for the state.

*Intravia, Intravia & Intravia,* of East Hartford, for the defendant.

PRUYN, J.  Defendant has demurred to the information charging him with violating the zoning ordinance of the town of East Hartford, alleging that he has appealed to the zoning board of appeals from the order of the building inspector with the violation of which he is charged, that said appeal is now pending, and that said appeal stays all proceedings.

It is to be noted at the outset that the information charges that the defendant "did commit the crime of          in violation of section          East Hartford Zoning Ordinance." The information is fatally defective on its face, as it does not specify any crime committed by the defendant. *State* v. *Tyrrell,* 100 Conn. 101, 102. In that case, the court sustained a demurrer to the information, which charged the defendant with selling milk in the city of Waterbury without a license, contrary, to an order of the board of health of the city, saying (p. 102): "This court cannot take judicial notice of the orders of the board of health of Waterbury. The order charged to have been violated should have been set out either in its terms or in their substance. An information which is not so framed will be held bad upon a proper motion to quash or demurrer."

As the parties in their arguments and briefs have argued the merits of the demurrer, this court has considered the fundamental question involved, namely, whether the defendant in not complying with the order of the building inspector under the zoning ordinance, but appealing therefrom to the zoning board of appeals, may pursue his civil remedies under said ordinance and the statutes without being subjected to criminal proceedings for violating said order during the pendency of the appeal.

Section 8-7 of the General Statutes relates to appeals to the zoning board of appeals and provides that "[a]n appeal shall stay all proceedings in the action appealed from." Section 8-12 provides for civil and criminal procedures and penalties for violations of zoning ordinances and gives this court jurisdiction of such offenses. The question then in this case is whether the words "all proceedings in the action appealed from" include the criminal proceedings provided for in § 8-12. In *Carbone*

v. *Zoning Board of Appeals,* 126 Conn. 602, the court said (p. 605): "However, the word 'action' has no precise meaning and the scope of proceedings which will be included within the term as used in the statutes depends upon the nature and purpose of the particular statute in question." It is a general principle of statutory construction that a statute ought to be so construed that, if it can be prevented, no clause, sentence or word shall be superfluous, void or insignificant. *Barstow* v. *Adams,* 2 Day 70, 98; *St. John* v. *U. Piccolo & Co.,* 128 Conn. 608, 613. In the case at bar, "the action appealed from" is the order of the building inspector. Under the clear language of the statute, an appeal stays all proceedings in the action appealed from. The only proceedings in connection with the order of the building inspector provided by the statute are the civil and criminal proceedings specified in § 8-12. In order to give effect to the language of the statute, the stay provided for in § 8-7 must be construed to cover the proceedings in § 8-12. The case of *Darien* v. *Webb,* 115 Conn. 581, cited by the state in its brief, is clearly distinguishable. In that case, the court held (p. 588) that a zoning regulation could be enforced without the necessity of an order of the building inspector from which an appeal could be taken.

Furthermore, the defendant by his appeal is pursuing his statutory remedy in relation to the order of the building inspector. If the zoning board of appeals should set aside such order and decide that there was no violation of the zoning ordinance, then no crime would have been committed. Under the circumstances disclosed by the demurrer, defendant should not be subjected to criminal proceedings.

The demurrer is sustained.