WILLIAM SAMUELSON *v.* FAMOUS BAKE SHOP, INC., ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 130971

Memorandum filed February 6, 1969

*Robert J. Michael,* of Danbury, for the plaintiff.

*Cousins, Dooley & Barnston,* of New Haven, for the defendants.

GRILLO, J.    This action represents an appeal by the employer and its insurer, hereinafter referred to as the defendants, from a finding and award of the workmen's compensation commissioner for the fifth district awarding certain medical benefits to the employee, hereinafter referred to as the plaintiff. The matter was submitted to the court on the record.

The prefatory statement in the finding prior to the factual finding recites that the plaintiff maintained that "sometime" during his employment with the defendant employer, he suffered a dermatitis condition and that the defendants claimed that the dermatitis condition from which the plaintiff concededly suffers had its origin in another bakeshop and not in that of the defendant employer. The commissioner concluded that the "symptoms" of the plaintiff's "basic allergic condition" were directly related to his employment with the defendant employer and accordingly awarded medical benefits under the provisions of the Workmen's Compensation Act.    Thereafter, the defendants moved to correct the finding, the obvious purpose of the motion (via the deletions and additions sought) being to substantiate a claim that the commissioner lacked jurisdiction because of a failure of the plaintiff to give written notice within one year of the first manifestation of the symptoms of the occupational disease.    General Statutes § 31-294; *Vegliante* v. *New Haven Clock Co.,* 143 Conn. 571. The commissioner denied the motion to correct the finding in toto with the exception of the paragraph stating that the defendants claimed that the plaintiff's condition had been manifest to the plaintiff for more than a year prior to his filing of a written

notice of claim. The commissioner's reasons for denying the corrections sought were to the effect that the attacked paragraphs were based on credible evidence and that the defendants were attempting to substitute their interpretation of the evidence for that of the commissioner. To these reasons we add another: The cardinal part of the addition sought is in the nature of a mere recitation of the evidence; *D'Angelo* v. *Connecticut Light & Power Co.*, 146 Conn. 505, 507; *Meadow* v. *Winchester Repeating Arms Co.*, 134 Conn. 269, 273; and has no place in the finding.

The record, including a complete transcript of the evidence and, of course, the finding, is wanting in several elements of proof necessary to determine the jurisdictional claim added to the finding by the commissioner. There is no demonstration as to when the written notice was given if, indeed, any was given. General Statutes § 31-294. There is no indication as to the date of the first manifestation of the symptoms of the occupational disease claimed. Section 31-294 requires that date to be specified in the written notice. Nor is there any notice that the defendants intended to contest the claim, whether on jurisdictional grounds or otherwise, as required by the Workmen's Compensation Act. § 31-297. We are not now required to determine whether as to the present claim failure to give such a notice precludes the defendants from disclaiming liability although in passing it is noted that the amendment to § 31-297 (Public Acts 1967, No. 842 § 7), which became effective subsequent to the date of the hearing in the present case, specifically requires that result. This deficiency in the finding would have existed even if the commissioner incorporated in his finding the subordinate facts sought to be added in the defendants' motion to correct the finding. Suffice it to say, the finding is devoid of those facts so necessary to a

consideration of the defendants' claim—added to the claim recited in the prefatory statement of the finding by the commissioner—relative to the determination of the jurisdictional question thus advanced.

Even if the court exercised its right, suo motu, to order documents not in the record, assuming they exist, to be produced under Practice Book § 433 with a view toward curing the documentary omissions, that procedure would not resolve the question since the plaintiff would still be entitled to be heard as to a possible claim that written notice within the statutory period was not mandatory because of other factors eliminating the necessity of written notice. General Statutes § 31-294; *Walsh* v. *A. Waldron & Sons,* 112 Conn. 579, 585.

The paucity of evidence pertinent to the jurisdictional issue may have resulted from the commissioner's justified belief, as evidenced by the transcript, that the defendants were ascribing the plaintiff's condition to other employment. See *Mages* v. *Alfred Brown, Inc.,* 123 Conn. 188. On the other hand, although the line of questioning of the defendants seemed to have been directed to causal relationship rather than to a jurisdictional claim, it cannot be said in retrospect that some of the evidence adduced would not be relevant and referable to the jurisdictional objections now proffered although it might not be sufficient to determine that claim completely. The fact remains that as the finding now stands it contains an unresolved issue. The parties are entitled to a determination of that issue by a finding of ultimate facts and conclusions. *Saddlemire* v. *American Bridge Co.,* 94 Conn. 618, 627. Where through mistake, inadvertence or misunderstanding, there has not been a disclosure of facts adequate to a fully informed and just determination of the

issues, both the plaintiff and the defendant have a right to further proceedings if it appears reasonable that upon further hearing the plaintiff may be able to demonstrate his right to compensation or the defendant may be able to prove nonliability. *Bourget* v. *Overhead Door Co.*, 121 Conn. 127, 132, 133.

The lack of testimony relative to the jurisdictional aspect of this case can be remedied by a further hearing. *Farnham* v. *Labutis*, 147 Conn. 267, 272.

The appeal is sustained.