ROBERT L. ANNECHARICO, COADMINISTRATOR (ESTATE
OF LISA ANNECHARICO) *v.* WILLIAM J.
PATTERSON ET AL.
(12891)

FOTI, LANDAU and HENNESSY, Js.

Argued April 28—decision released July 4, 1995

*Charles J. Goddard,* for the appellant (plaintiff).

*Robert L. Trowbridge,* with whom, on the brief, was
*Christopher C. Cobb,* for the appellees (defendants).

HENNESSY, J. The plaintiff appeals from the judg-
ment of the trial court, rendered after a jury verdict,
in this personal injury action. We conclude that the
judgment of the trial court was not a final judgment
and dismiss the appeal.

The plaintiff brought this action in four counts. The third and fourth counts were stricken by the trial court and the matter proceeded to trial. The jury returned the following verdict: "In this case, as to Count One, the jury finds in favor of the Defendants, William J. Patterson and James Alligood d/b/a J.M.A. Trucking." The trial court accepted the verdict and rendered a partial judgment on the first count of the complaint. Thereafter, the plaintiff moved to set aside the verdict and for a new trial. The trial court denied this motion and the plaintiff filed this appeal.

Prior to oral argument, we noted the possibility that the appeal had not been taken from a final judgment because of the absence of any disposition of count two of the plaintiff's complaint. The parties were advised of the court's concern and notified that the final judgment issue would be raised at oral argument. After receiving this notice, the plaintiff withdrew the second count of the complaint.

This case is controlled by *C & P Excavating Contractors, Inc.* v. *Ardmare Construction Co.*, 37 Conn. App. 222, 655 A.2d 278 (1995), in which we held that the trial court's failure to render judgment on one count of a complaint resulted in the lack of a final judgment for purposes of appeal. " ' "The lack of a final judgment is a threshold question that implicates the subject matter jurisdiction of this court." *Schick* v. *Windsor Airmotive Division/Barnes Group*, 31 Conn. App. 819, 822, 627 A.2d 478 (1993), citing *Walton* v. *New Hartford*, 223 Conn. 155, 162 n.9, 612 A.2d 1153 (1992). Where there is no final judgment, we cannot reach the merits of the appeal. General Statutes § 52-263; Practice Book § 4000; *Smith* v. *Otis Elevator Co.*, 33 Conn. App. 99, 102, 633 A.2d 731 (1993).' *Akerson* v. *Bridgeport*, 36 Conn. App. 158, 159, 649 A.2d 796 (1994)." *C & P Excavating Contractors, Inc.* v. *Ardmare Construction Co.*, supra, 224–25. Because a final judgment is a *con-*

*dition precedent* to the taking of an appeal; *E. J. Hansen Elevator, Inc.* v. *Stoll*, 167 Conn. 623, 626–27, 356 A.2d 893 (1975); we do not ask if jurisdiction arose at some time during the appeal, but determine only whether we had jurisdiction over the appeal at the time it was taken.

The plaintiff does not dispute that there was no final judgment at the time he filed his appeal, because no judgment had been rendered on the second count of his complaint at that time. The plaintiff argues that because he withdrew the second count after learning of the possible final judgment problem, he conferred jurisdiction on this court. The plaintiff was unable to cite any case law in support of this proposition and we know of no authority to support his position. Because there was no final judgment at the time the plaintiff filed his appeal, the appeal must be dismissed.

The appeal is dismissed for lack of jurisdiction.

In this opinion the other judges concurred.