CHERYL TERRY ENTERPRISES, LTD. *v.*
CITY OF HARTFORD
(SC 16638)

Sullivan, C. J., and Borden, Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.[1]

---

[1] This case was first argued March 22, 2002, before a panel of this court consisting of Justices Norcott, Katz, Palmer, Vertefeuille and Zarella. Thereafter, the court, pursuant to Practice Book § 70-7 (b), sua sponte, ordered that the case be considered en banc. Chief Justice Sullivan and Justice Borden were subsequently added to the panel, and they have read the record and briefs, and have listened to the tape recording of the original oral argument.

Argued March 22—officially released December 31, 2002

*Ralph J. Monaco*, with whom were *Thomas J. Londregan* and, on the brief, *Jeffrey C. Brohel*, for the appellant (plaintiff).

*Ann F. Bird*, assistant corporation counsel, with whom, on the brief, was *Alexander Aponte*, corporation counsel, for the appellee (defendant).

*Opinion*

NORCOTT, J. This appeal arises out of a dispute involving the award of a municipal bidding contract to an entity other than the lowest bidder. The plaintiff, Cheryl Terry Enterprises, Ltd., filed an action alleging, inter alia, equal protection and antitrust violations against the defendant, the city of Hartford. The plaintiff sought money damages as well as temporary and permanent injunctive relief preventing the defendant from

awarding the contract to any company other than itself. The trial court, *Purtill, J.*, denied the plaintiff's request for a temporary injunction. After a jury trial on the plaintiff's claim for damages, the trial court directed a verdict in favor of the defendant on the equal protection claims.[2] After the jury reached its verdict on the antitrust claim, the court granted the defendant's motion to set aside the verdict, which had awarded the plaintiff $500,000.[3] The plaintiff now appeals from the trial court's judgment setting aside the verdict, and claims that the trial court improperly: (1) concluded that, under our decision in *Lawrence Brunoli, Inc.* v. *Branford,* 247 Conn. 407, 722 A.2d 271 (1999), the plaintiff, as an unsuccessful lowest bidder in a municipal bidding process, lacks standing to bring an antitrust claim against the defendant; (2) directed a verdict on the plaintiff's equal protection claims on the ground that the plaintiff had an adequate remedy at law through its antitrust claim, and improperly ruled thereon because the court subsequently set aside the verdict on the antitrust claim, thereby depriving the plaintiff of its adequate remedy; (3) found that Connecticut's antitrust statute interferes with state policy as it is reflected in the bidding statute; (4) found that the successful bidder was a necessary party to the action; and (5) found that the plaintiff's proof of damages was speculative. Because we conclude that the judgment of the trial court granting the defendant's motion to set aside the verdict on the plaintiff's antitrust claim was not a final judgment, we decline to review the plaintiff's claims on the merits. We, therefore, dismiss the plaintiff's appeal.

The record reveals the following facts and procedural history that are relevant to our disposition of this

[2] The plaintiff claimed violations of its constitutional rights under the fifth and fourteenth amendments to the United States constitution, and article first, §§ 1, 8 and 20, of the Connecticut constitution.

[3] The plaintiff alleged violations of the Connecticut Antitrust Act, General Statutes § 35-24 et seq.

appeal. The plaintiff is a school bus company based in Hartford. The president of the company, Cheryl Terry, has worked in the school transportation business for more than thirty years. The plaintiff was one of three vendors who had submitted sealed bids to the defendant in response to an invitation to bid for a proposed five year contract to provide bus transportation services for Hartford public schools, commencing with the 1998–1999 school year. The plaintiff's bid was lower than either of the other vendors, Laidlaw Transit, Inc. (Laidlaw),[4] and Dattco, Inc. (Dattco). Despite being the highest bidder, Laidlaw was awarded the five year contract.

After Laidlaw was awarded the contract, the plaintiff brought the action underlying this appeal, claiming violations of its equal protection rights and state antitrust law, as well as breach of contract. The plaintiff also claimed that, by awarding the contract to an entity other than the lowest responsible bidder, the defendant violated § 2-548 of the Hartford municipal code.[5] The plaintiff's complaint alleged a violation of the Connecticut Antitrust Act (act); General Statutes § 35-24 et seq.;[6]

---

[4] Laidlaw was performing the school bus contract that was to expire in 1998.

[5] Section 2-548 of the Hartford municipal code provides in relevant part: "(a) The contract for which sealed bids are invited shall be awarded to the lowest responsible bidder. Any person or organization is deemed not to be a responsible bidder that . . . .

"(2) Has been found by a court or administrative body of competent jurisdiction to be in violation of the National Labor Relations Act and that such violation continues to exist . . . .

"(c) The city manager shall certify whether the bidder is deemed to be a responsible bidder. If the city manager deems a bidder to meet the city's requirements, the bidder will be certified for a period of one (1) year. In each case, where the city manager determines that a bidder is not deemed to be a responsible bidder, he shall state his reasons in a written opinion to be forwarded to . . . the bidder. . . ."

[6] In count three of its verified complaint, the plaintiff alleged that the "actions of the defendant . . . violate Section 35-24, et seq., in that they constitute 'contract, combination, or conspiracy in restraint of trade or commerce' which is unlawful." General Statutes § 35-26 provides that "[e]very contract, combination, or conspiracy in restraint of any part of trade or commerce is unlawful."

in that it was not awarded the contract due to a conspiratorial agreement between a union and the defendant, with the purpose of obtaining a union contract.[7] The plaintiff sought temporary and permanent injunctive relief relating to the contract, monetary damages and equitable relief. At trial, the defendant acknowledged that the plaintiff's bid was the lowest submitted, but it maintained that the plaintiff was not awarded the contract because the defendant had been informed that the plaintiff had a pending labor case with the National Labor Relations Board, and because its bid did not conform to the specifications of the bid request. Terry testified, however, that the plaintiff had "fully complied with each and every material term of [the] defendant's bid specifications . . . ."

Thereafter, the trial court held a hearing on the plaintiff's motion for a temporary restraining order. On August 4, 1998, subsequent to the completion of the hearing, but prior to the issuance of the trial court's decision, the defendant executed its contract with Laidlaw. The trial court issued a decision denying the plaintiff's motion for a temporary restraining order on August 7, 1998.

After a trial on the plaintiff's equal protection and state antitrust claims,[8] the trial court granted the defendant's motion for a directed verdict as to the plaintiff's equal protection claims, and submitted to the jury only the claim alleging an antitrust violation. Ultimately, the jury returned a verdict for the plaintiff in the amount of $500,000 on that claim. The defendant then filed a motion to set aside the verdict. The trial court granted this motion and, thereafter, set aside the verdict for the plaintiff. The trial court reserved the question as to

---

[7] Laidlaw was the only union shop of the three bidders on the contract. The plaintiff has not brought an action against the union in this matter.

[8] The trial court dismissed the breach of contract claim prior to trial.

whether Laidlaw was a necessary party on the injunction portion of the claim and noted that it would hold a hearing on the plaintiff's request for permanent injunctive relief ab initio if it were to decide that Laidlaw was indeed a necessary party. The court ultimately determined that Laidlaw was a necessary party and that it should be joined as a party within thirty days of that order. Prior to a resolution of the claim for permanent injunctive relief, the plaintiff appealed[9] from the judgment of the trial court setting aside the verdict on its antitrust claim.

"Because our jurisdiction over appeals, both criminal and civil, is prescribed by statute, we must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim." *State* v. *Curcio*, 191 Conn. 27, 30, 463 A.2d 566 (1983). Additionally, with the exception of certain statutory rights of appeal not relevant here, our jurisdiction is restricted to appeals from final judgments. *Bryant* v. *Bryant*, 228 Conn. 630, 634, 637 A.2d 1111 (1994). The threshold question in this appeal is, therefore, whether a final judgment has been rendered on all of the counts of the plaintiff's complaint. Because we conclude that the judgment of the trial court granting the defendant's motion to set aside the verdict on the plaintiff's antirust claim was not a final judgment, we dismiss the appeal.[10]

---

[9] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c).

[10] Although neither of the parties raised the question of whether the judgment of the trial court granting the motion to set aside the verdict was a final judgment, we decide the question sua sponte because it invokes this court's subject matter jurisdiction over the plaintiff's appeal. See, e.g., *Lynch* v. *Granby Holdings, Inc.*, 230 Conn. 95, 97–98, 644 A.2d 325 (1994) ("[i]*n the absence of a question relating to subject matter jurisdiction*, the Appellate Court had only limited authority to reach the issue of possible confusion in the jury's verdict" [emphasis added]).

Additionally, the parties were apprised of the fact that a final judgment question had arisen and were instructed to prepare for questions regarding

A judgment that disposes of only a part of a complaint is not a final judgment. *Stroiney* v. *Crescent Lake Tax District*, 197 Conn. 82, 84, 495 A.2d 1063 (1985). Our rules of practice, however, set forth certain circumstances under which a party may appeal from a judgment disposing of less than all of the counts of a complaint. Thus, a party may appeal if the partial judgment disposes of all causes of action against a particular party or parties; see Practice Book § 61-3;[11] or if the trial court makes a written determination regarding the significance of the issues resolved by the judgment and the chief justice or chief judge of the court having appellate jurisdiction concurs. See Practice Book § 61-4 (a).[12] Neither of these exceptions applies to the case presently before us.

First, the judgment of the trial court in setting aside the verdict did not dispose of all causes of action against the defendant. Specifically, the plaintiff's claim for permanent injunctive relief is still pending, and there is an unresolved count alleging that a section of the Hartford municipal code is illegal and unenforceable. Second, neither the trial court, nor this court made any written determination pursuant to Practice Book § 61-4 (a)

the final judgment of the trial court's decision at oral argument before this court. Thus, the dismissal of this appeal for lack of final judgment should not be construed as an unfair surprise to either of the parties.

[11] Practice Book § 61-3 provides in relevant part: "A judgment disposing of only a part of a complaint, counterclaim, or cross complaint is a final judgment if that judgment disposes of all causes of action in that complaint, counterclaim, or cross complaint brought by or against a particular party or parties. . . ."

[12] Practice Book § 61-4 (a) provides in relevant part: "When the trial court renders a judgment to which this section applies, such judgment shall not ordinarily constitute an appealable final judgment. Such a judgment shall be considered an appealable final judgment only if the trial court makes a written determination that the issues resolved by the judgment are of such significance to the determination of the outcome of the case that the delay incident to the appeal would be justified, and the chief justice or chief judge of the court having appellate jurisdiction concurs. . . ."

regarding the significance of the issues presented in this case. Accordingly, this appeal does not fall within the ambit of either rule permitting an appeal from a judgment on less than all counts in the complaint.

This conclusion, however, does not end our inquiry as to whether the order is immediately appealable. See *Daginella* v. *Foremost Ins. Co.*, 197 Conn. 26, 30, 495 A.2d 709 (1985). An otherwise interlocutory ruling can be immediately appealed in two circumstances: (1) where the order terminates a separate and distinct proceeding; or (2) where the order so concludes the rights of the parties that further proceedings cannot affect them. *State* v. *Curcio*, supra, 191 Conn. 31. In the present case, neither prong of the *Curcio* test is satisfied. Under the first prong, the trial court's ruling setting aside the verdict on the antitrust count, as well as its order that Laidlaw was a necessary party, did not terminate a separate and distinct proceeding. They were, instead, "step[s] along the road to [a] final judgment" on the entire complaint. *State* v. *Parker*, 194 Conn. 650, 653, 485 A.2d 139 (1984).

Nor did the trial court's ruling so conclude the parties' rights that further proceedings could not affect them. In applying this prong of the *Curcio* test, our focus is on whether "appellate review is necessary [in order] to prevent the irreparable loss of a cognizable legal right." *Daginella* v. *Foremost Ins. Co.*, supra, 197 Conn. 31. An essential predicate to the applicability of this prong is the "identification of jeopardy to [either] a statutory or constitutional right that the interlocutory appeal seeks to vindicate." Id. In the present case, we see no risk of the loss of any cognizable right if appellate review is delayed until final adjudication. To the contrary, after the plaintiff's claim for permanent injunctive relief is adjudicated and a final judgment is rendered on the complaint, the plaintiff will have the opportunity to challenge the judgment setting aside the verdict, as

well as the trial court's ruling regarding the necessity of Laidlaw as a party. This route to appellate review protects the well established policy behind the final judgment rule, namely, avoiding piecemeal appeals. *State* v. *Curcio*, supra, 191 Conn. 30.

For the foregoing reasons, we conclude that the judgment of the trial court granting the defendant's motion to set aside the verdict on the plaintiff's antitrust claim, without the disposition of the plaintiff's claim for permanent injunctive relief, and of the count alleging a violation of the municipal code, is not a final judgment.[13] Accordingly, the appeal must be dismissed.

The appeal is dismissed.

In this opinion the other justices concurred.

[13] General Statutes § 52-263 provides that an aggrieved party may appeal from a final judgment *or* from the "granting [of] a motion to set aside a verdict . . . ." This language creates a right to appeal from an otherwise nonfinal order, that is, the setting aside of a verdict. 2 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1971) § 205 (k), p. 847; W. Maltbie, Connecticut Appellate Procedure (2d Ed. 1957) § 182, p. 223. We do not, however, read the language creating this right as overriding the requirement of a final judgment in a case, such as this, where not all claims have been adjudicated.

Moreover, the present case is distinguishable from cases in which a ruling has been made as to equitable relief but no determination has been made as to damages. See *Walton* v. *New Hartford*, 223 Conn. 155, 162 n.9, 612 A.2d 1153 (1992); *Ricci* v. *Naples*, 108 Conn. 19, 22, 142 A. 452 (1928). In those cases, the order as to the equitable relief was held to be so determinative of the parties' rights that an immediate appeal would lie.