******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RUTH GLADSTEIN *v.* SARANN GOLDFIELD ET AL.
(SC 19696)

Rogers, C. J., and Palmer, Eveleigh, McDonald, Espinosa and Robinson, Js.*

*Argued January 26—officially released May 16, 2017*

*Daniel J. Klau*, with whom was *Bradley K. Cooney*, for the appellant (plaintiff).

*Louis B. Blumenfeld*, with whom, on the brief, were *Lorinda S. Coon* and *Lawrence J. Merly*, for the appellees (defendants).

*Opinion*

ROGERS, C. J. This case raises the question of whether a party's actions during the pendency of her appeal have resulted in that appeal becoming moot. The plaintiff, Ruth Gladstein, appeals from the judgment of the Appellate Court affirming the trial court's dismissal of her action due to lack of subject matter jurisdiction; *Gladstein* v. *Goldfield*, 163 Conn. App. 579, 587, 137 A.3d 60 (2016); which followed the trial court's denial of the plaintiff's motion to substitute the trustee of her bankruptcy estate as the correct party plaintiff. The plaintiff claims that the Appellate Court improperly refused to consider her claim that the trial court had applied an improper standard when denying her motion to substitute, concluding instead that she had induced the error of which she complained. Because the bankruptcy trustee, at the plaintiff's behest, has abandoned the underlying action and the plaintiff no longer is seeking to substitute the trustee as party plaintiff, we conclude that our resolution of this claim would afford the plaintiff no practical relief. Accordingly, we dismiss the plaintiff's appeal as moot.

The following undisputed facts and procedural history are relevant to the appeal.[1] The plaintiff is a beneficiary of a trust established by her mother in 1992. In 1997, the plaintiff's mother executed an amendment to the trust that reduced the plaintiff's residual interest therein. In July, 2008, the plaintiff and her husband filed a petition for bankruptcy in the United States Bankruptcy Court for the District of Nevada (bankruptcy court). In July, 2009, the bankruptcy court granted the plaintiff and her husband a discharge of their debts. In September, 2009, the plaintiff filed the present action in her own name against the defendants, her sister, Sarann Goldfield, and her brother-in-law, Alvin Goldfield, alleging, inter alia, misuse of trust funds as well as forgery and undue influence in connection with the 1997 amendment of the trust, and Attorney Martin Wolf and his law firm, Cohen and Wolf, P.C., alleging, inter alia, breach of fiduciary duty. Wolf had drafted the trust and its amendment and served as trustee.

In her 2008 bankruptcy court filings, the plaintiff did not disclose her interest in her mother's trust or her potential legal claims against the defendants. Pursuant to federal bankruptcy law, the plaintiff was required to do so. See 11 U.S.C. § 541 (a) (1) (debtor must disclose "all legal or equitable interests . . . in property as of the commencement of the case"); 11 U.S.C. § 541 (a) (7) (duty to disclose is continuous so as to include any interest acquired after commencement of case). Moreover, her claims against the defendants were part of the bankruptcy estate and belonged to the bankruptcy trustee and not to her individually.[2] For that reason, the defendants filed motions to dismiss this action for lack of subject matter jurisdiction due to the

plaintiff's lack of standing.[3]

In response, the plaintiff conceded that she lacked standing and filed a motion to substitute the bankruptcy trustee as the proper plaintiff pursuant to General Statutes § 52-109,[4] to which the defendants objected. A hearing, at which evidence was presented, was held on the motion. On October 30, 2013, after concluding that the plaintiff had failed to show that she had brought the action in her own name due to mistake, as contemplated by § 52-109, the trial court denied the motion to substitute the bankruptcy trustee as plaintiff, then dismissed the action for lack of subject matter jurisdiction. Thereafter, the plaintiff filed an appeal with the Appellate Court, claiming that the trial court improperly had disallowed the substitution of the bankruptcy trustee.

While the plaintiff's appeal to the Appellate Court remained pending, she requested that the bankruptcy trustee abandon the underlying cause of action. On August 7, 2014, the bankruptcy court granted the trustee's motion to abandon the action, nunc pro tunc. As a result of this ruling, the plaintiff's claims against the defendants now belong to her, alone, to pursue.

In her initial brief to the Appellate Court, filed thereafter, the plaintiff contended that the August 7, 2014 order of the bankruptcy court merited a reversal of the trial court's October 30, 2013 judgment dismissing her action to allow further proceedings to be prosecuted in her own name. The defendants moved to strike the plaintiff's brief, arguing that it relied on material outside of the trial court record and pertaining to events that postdated the judgment. After the Appellate Court granted the defendants' motion to strike, the plaintiff filed a substitute brief in which she argued instead that the trial court had applied an improper standard in deciding her motion to substitute.

On March 8, 2016, the Appellate Court decided the plaintiff's appeal. As previously indicated, that court declined to review the plaintiff's claim on its merits, reasoning instead that the plaintiff had induced the action of the trial court that she was challenging on appeal and, therefore, had waived the right to review. *Gladstein* v. *Goldfield*, supra, 163 Conn. App. 585–86.[5] The plaintiff's appeal to this court followed.[6]

In her briefs to this court and at oral argument, the plaintiff alluded to the posttrial proceedings in the bankruptcy court and indicated that, in the event she prevailed and the case were remanded to the trial court, she intended to move that her motion to substitute be declared moot. Following oral argument, this court, sua sponte, ordered the parties to submit supplemental briefs addressing the following issue: " 'Is this appeal moot, in light of the representation of plaintiff's counsel that the plaintiff no longer is seeking the substitution of the bankruptcy trustee as party plaintiff?' " The plain-

tiff, in her supplemental brief, contends that the appeal is not moot because a live controversy continues between the parties in regard to her claims of the defendants' wrongdoing in connection with her mother's trust, and this court can provide practical relief in the manner of an unrestricted remand. The defendants, for their part, do not challenge this contention. We disagree with the parties and conclude that this appeal is moot.

Mootness presents a legal question and implicates this court's subject matter jurisdiction, a threshold matter to resolve. *Burton* v. *Commissioner of Environmental Protection*, 323 Conn. 668, 677, 150 A.3d 666 (2016). This court has a duty to dismiss cases over which it lacks subject matter jurisdiction, which cannot be conferred by the consent of the parties. *Bender* v. *Bender*, 292 Conn. 696, 704 n.5, 975 A.2d 636 (2009); see also *Lyon* v. *Jones*, 291 Conn. 384, 392, 968 A.2d 416 (2009) (appropriate to consider mootness even when not raised by parties). We may address a mootness issue if there is either evidence in the record suggesting mootness or an acknowledgment in a party's brief, or at oral argument, as to the existence of facts supporting mootness. *Private Healthcare Systems, Inc.* v. *Torres*, 278 Conn. 291, 299, 898 A.2d 768 (2006); *Phaneuf* v. *Commissioner of Motor Vehicles*, 166 Conn. 449, 451, 352 A.2d 291 (1974).

"A claim of mootness implicates the well established rule that [a]n actual controversy must exist not only at the time [an] appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Williams* v. *Ragaglia*, 261 Conn. 219, 225, 802 A.2d 778 (2002). "[T]he requirement of an actual controversy . . . is premised upon the notion that courts are called upon to determine existing controversies, and thus may not be used as a vehicle to obtain advisory judicial opinions on points of law." *State* v. *McElveen*, 261 Conn. 198, 204–205, 802 A.2d 74 (2002). "[I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *Statewide Grievance Committee* v. *Burton*, 282 Conn. 1, 14, 917 A.2d 966 (2007). In short, "where the question presented is purely academic, we must refuse to entertain the appeal." (Internal quotation marks omitted.) Id.

The only questions presented by this appeal are whether the Appellate Court improperly declined to consider the merits of the plaintiff's claim that the trial court had utilized the wrong standard in deciding her motion to substitute and, if so, whether the trial court in fact did use an improper standard. If we were to

decide both of these questions in the plaintiff's favor, the proper remedy would be to remand the case for a new hearing on the plaintiff's motion to substitute, utilizing the proper standard.[7] The plaintiff, however, has informed this court that she does not intend to pursue that motion, because the underlying action no longer belongs to the bankruptcy trustee, the party whom she previously had sought to substitute. Consequently, a disposition on the merits of the case would not result in any practical relief for the plaintiff. Stated otherwise, the questions of the proper standard on a motion to substitute, and whether the Appellate Court properly refused to decide that issue, are purely academic. In short, the appeal has been rendered moot.

The appeal is dismissed.

In this opinion the other justices concurred.

* This case originally was scheduled to be argued before a panel of this court consisting of Chief Justice Rogers and Justices Palmer, Eveleigh, McDonald, Espinosa and Robinson. Although Justice Palmer was not present at oral argument, he has read the briefs and appendices, and has listened to a recording of oral argument prior to participating in this decision.

[1] See generally *Gladstein* v. *Goldfield*, supra, 163 Conn. App. 580–83.

[2] "Commencement of a bankruptcy proceeding creates an estate that comprises all legal or equitable interests of the debtor in property as of the commencement of the case. . . . The debtor must file a formal statement with the Bankruptcy Court including a schedule of his or her assets and liabilities. . . . The assets, which become the property of the bankruptcy estate, include all causes of action belonging to the debtor that accrued prior to the filing of the bankruptcy petition. . . . A cause of action becomes a part of the bankruptcy estate even if the debtor fails to schedule the claim in his petition." (Citations omitted; internal quotation marks omitted.) *Assn. Resources, Inc.* v. *Wall*, 298 Conn. 145, 164–65, 2 A.3d 873 (2010).

[3] "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue . . . . As a general matter, one party has no standing to raise another's rights. . . . If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause." (Citations omitted; internal quotation marks omitted.) *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, 320 Conn. 535, 547–48, 133 A.3d 140 (2016); see also *Assn. Resources, Inc.* v. *Wall*, 298 Conn. 145, 165, 2 A.3d 873 (2010) ("because an unscheduled claim remains the property of the bankruptcy estate, the debtor lacks standing to pursue the claims after emerging from bankruptcy, and the claims must be dismissed" [internal quotation marks omitted]).

[4] General Statutes § 52-109 provides: "When any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff."

[5] The Appellate Court further rejected the plaintiff's claim that the trial court had committed plain error in denying the motion to substitute, and it declined the plaintiff's final request that it invoke its supervisory power to afford her relief. *Gladstein* v. *Goldfield*, supra, 163 Conn. App. 586–87.

[6] Shortly before the Appellate Court released its opinion, this court issued its decision in *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, 320 Conn. 535, 133 A.3d 140 (2016), which had addressed the question of the proper standard for a trial court to employ when deciding a motion to substitute pursuant to § 52-109. See id., 553–54 n.21. We granted the plaintiff's petition for certification to appeal, limited to the following question: "In view of our recent decision in *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, [supra, 535], did the Appellate Court correctly affirm the trial court's order denying the plaintiff's motion to substitute and consequent judgment of dismissal on the basis of the plaintiff's lack of standing?" *Gladstein* v.

*Goldfield*, 321 Conn. 914, 136 A.3d 645 (2016).

[7] The mandate of an appellate tribunal establishes the scope of a trial court's authority to proceed with a case upon remand. *State* v. *Tabone*, 301 Conn. 708, 713, 23 A.3d 689 (2011). In the plaintiff's view, this court's remand order ought to be crafted broadly enough to permit her to abandon the substitution motion and attempt anew to prosecute this action in her own name, now that she has persuaded the bankruptcy trustee not to pursue it. It is axiomatic that, when a reviewing court sets aside a judgment on appeal, the "effect [of the judgment] is destroyed and the parties are in the same condition as before it was rendered." (Internal quotation marks omitted.) *Hurley* v. *Heart Physicians, P.C.*, 298 Conn. 371, 383, 3 A.3d 892 (2010); see also 5 Am. Jur. 2d 538, Appellate Review § 803 (2007) ("[a] complete reversal generally annuls the judgment below, and the case is put in the same posture in which it was before the judgment was entered" [footnote omitted]). The plaintiff, however, is asking to be put in a *better* position than she was in before the court rendered judgment, namely, a position in which she has the benefit of a ruling from the bankruptcy court that she did not obtain until approximately eight months after the case already had concluded. For the plaintiff to pursue this action in her own name, it was necessary for her to secure the trustee's abandonment of the claim either (1) prior to bringing the action, (2) while the action remained pending or (3) within four months of the trial court's judgment dismissing the action. See General Statutes § 52-212a. We disagree that pursuit of an academic issue on appeal can provide an alternative path to opening a judgment when the time limitation of § 52-212a, or the exceptions to that statute's application; see *Weiss* v. *Weiss*, 297 Conn. 446, 455, 998 A.2d 766 (2010); cannot be satisfied.

———————————————