RICHARD FANTASIA *v.* TONY PANTANO MASON
CONTRACTORS, INC., ET AL.
(AC 17897)

Foti, Spear and Hennessy, Js.

Argued February 16—officially released July 13, 1999

*Charles J. Goddard,* for the appellant (plaintiff).

*David W. Schoolcraft,* for the appellees (defendants).

*Opinion*

HENNESSY, J. This appeal arises out of the workers'
compensation review board's reversal and remand of

the workers' compensation commissioner's (commissioner) determination that the injuries received by the plaintiff, Richard Fantasia, in an automobile accident that occurred as he was returning home from a workers' compensation hearing, arose out of and in the course of his employment with the defendant employer, Tony Pantano Mason Contractors, Inc. (Pantano), and were therefore compensable. We conclude that this court lacks subject matter jurisdiction to decide this appeal because the plaintiff did not appeal to the board as required by General Statutes § 31-301 subsequent to the commissioner's second supplemental finding and award.

The following facts and procedural history are relevant to this appeal. In May, 1991, the plaintiff injured his hand, elbow and shoulder while working as a mason's helper for Pantano.[1] As a result of those injuries, the commissioner awarded the plaintiff temporary partial disability through September 30, 1991, and scheduled an informal hearing on that date to discuss the continuation of benefits. The hearing did not go forward because the plaintiff was late in appearing. On the way home from the aborted hearing, the plaintiff was involved in an automobile accident that resulted in multiple injuries, including aggravation to the May, 1991 shoulder injury. Subsequently, the commissioner determined that the injuries to the claimant from the automobile accident were compensable because they "arose out of and in the course of the [plaintiff's] employment with the [defendant] employer" and made certain awards to the plaintiff.

Pantano appealed to the board from the commissioner's decision. The board reversed the commissioner's decision with regard to the plaintiff's September 30,

---

[1] American States Insurance Company, insurer of Pantano, is also a defendant in this matter.

1991 automobile accident, left intact the award of compensation benefits resulting from the May, 1991 injuries and remanded the matter to the commissioner to determine the cause of the plaintiff's disability with regard to his shoulder injury and the plaintiff's entitlement to further benefits.[2]

Prior to further proceedings with the commissioner, the plaintiff appealed to this court from the board's decision. On September 20, 1995, this court sua sponte dismissed the appeal for lack of a final judgment, concluding that the board's remand called for the commissioner to find additional facts and to exercise its discretion.

The commissioner, in compliance with the board's ruling, held a hearing and issued a supplemental finding and award on June 6, 1996. The commissioner denied the claim for benefits subsequent to September 30, 1991, denied the claim for medical expenses related to the left shoulder treatment subsequent to September 30, 1991, ordered the defendants to pay the plaintiff permanent partial disability benefits for a period of 15.6 weeks commencing May 6, 1993, and ordered that the payments of the permanent partial disability benefits be held in abeyance until issues concerning overpayment were addressed.

---

[2] Specifically, the board determined: "The portion of the commissioner's award attributable in any part to the disability caused by the [plaintiff's] September 30, 1991 automobile accident is vacated. The awards of compensation benefits for dates prior to September 30, 1991, and for total disability between May 12, 1992, and September 7, 1992, remain intact, as those awards were not predicated in any way on the injuries sustained in the automobile accident. On remand, the commissioner must determine the cause of the [plaintiff's] disability with regard to his shoulder injury in accordance with *Mund* v. *Farmers' Cooperative, Inc.*, 139 Conn. 338 [94 A.2d 19] (1952), and *Ricigliano* v. *American Freight Systems*, [5 Conn. Workers' Comp. Rev. Op. 121, 122 (1988)], and determine the [plaintiff's] entitlement to further benefits accordingly.

"The trial commissioner's decision is reversed, and the case is remanded to the Fifth District for further proceedings consistent with this opinion."

The plaintiff filed an appeal to this court following the commissioner's issuance of its supplemental findings and award without first appealing to the board. This court dismissed the appeal without a written opinion[3] for lack of subject matter jurisdiction because the plaintiff appealed directly from the commissioner's supplemental findings and award without having first appealed to the board as required by General Statutes §§ 31-301 and 31-301b.

The plaintiff returned to the commissioner for the resolution of all outstanding issues. The commissioner held a hearing in which evidence was taken and facts were found and then issued a second supplemental finding and award.

Subsequent to this second supplemental finding and award by the commissioner, the respondent filed this appeal to this court without first appealing to the board. Concerned that it might not have subject matter jurisdiction, this court notified the parties by letter to be prepared to discuss at oral argument the issue of "whether the [plaintiff's] failure to take an appeal to the [board] after the trial commissioner issued his second supplemental finding and award deprives the Appellate Court of subject matter jurisdiction to consider the [plaintiff's] appeal."[4]

---

[3] This court placed the appeal on the court's own motion docket for dismissal, and counsel were notified to appear and give reasons why the appeal should not be dismissed (1) for lack of jurisdiction because the plaintiff improperly bypassed filing an appeal with the board before filing this appeal and (2) for lack of final judgment in light of the commissioner's conclusion that there were further issues to be adjudicated concerning overpayment. After a hearing, this court dismissed the appeal. As noted in the text, this court dismissed the appeal on the first basis and did not reach the final judgment issue.

[4] The parties briefed only the issue of whether the board improperly found that the injuries suffered by the plaintiff as a result of the automobile accident were not compensable resulting in its reversal of the commissioner's judgment. Because we conclude that this court lacks subject matter jurisdiction to hear this appeal, we do not address the merits of this appeal.

At oral argument, the plaintiff argued that this appeal is from the board's May 4, 1995 decision, which reversed the commissioner's decision that the injuries suffered by the plaintiff, as a result of a motor vehicle accident that occurred on his way home from the workers' compensation hearing, were compensable. The plaintiff further argues that the board's decision became a final judgment after the parties returned to the commissioner for the further proceedings as directed by the board and the commissioner issued its second supplemental finding and award. In addition, the plaintiff argues that, because both parties agree with the second supplemental finding and award and neither party is aggrieved by it, the issues on remand are not disputed by the parties and there is nothing for the board to resolve. We are not persuaded.

This is not an issue of final judgment as argued by the plaintiff; the issue is whether this court has subject matter jurisdiction to hear this appeal pursuant to § 31-301 when the plaintiff did not take an appeal to the board after the commissioner issued a second supplemental finding and award upon the remand of the board. Section 31-301 (a) provides in relevant part that "[a]t any time within ten days after entry of an award by the commissioner . . . either party may appeal therefrom to the Compensation Review Board . . . ." Section 31-301b provides: "Any party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the Appellate Court." With the exception of discrimination claims under General Statutes § 31-290a (b), an exception that is not applicable here, there is no statutory provision for appeal directly from the commissioner to this court.

"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general

class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . It is a familiar principle that a court which exercises limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Internal quotation marks omitted.) *Figueroa* v. *C & S Ball Bearing*, 237 Conn. 1, 4, 675 A.2d 845 (1996).

The plaintiff would like this court to take a piecemeal approach to the board's decision and to separate the reversal on the claim arising out of the automobile accident from the remand on the May 21, 1991 injuries. The plaintiff would like this court to conclude further that there is a final judgment *from the board* with regard to its decision to reverse the claim regarding the September 31, 1991 automobile accident and to conclude that there is a final judgment *from the board* on the May 21, 1991 injuries after the second supplemental finding and award was issued because the parties agree on the content of the second supplemental award and finding. We decline to do that.

On review of this matter, the board reversed the commissioner's decision with regard to the claim arising out of the automobile accident and remanded the case to the commissioner "for further proceedings consistent with this opinion." The board directed the commissioner to reverse a portion of its decision and, on remand, to make determinations regarding the cause of the shoulder injuries and the plaintiff's entitlement to further benefits.

"[F]or a decision of the review board to be appealable under § 31-301b, it must be a decision that has the same elements of finality as a final judgment rendered by a

trial court. . . . In workers' compensation cases, [t]he test that determines whether such a decision is a final judgment turns on the scope of the proceedings on remand: if such further proceedings are merely ministerial, the decision is an appealable final judgment, but if further proceedings will require the exercise of independent judgment or discretion and the taking of additional evidence, the appeal is premature and must be dismissed. . . . This rule is an application of the more general final judgment principle that an otherwise interlocutory order is appealable where (1) it terminates a separate and distinct proceeding, or (2) so concludes the rights of the parties that further proceedings cannot affect them. . . .

"It is well settled that orders of remand that entail the hearing of further evidence generally are not appealable final judgments." (Citations omitted; internal quotation marks omitted.) *Conetta* v. *Stamford,* 246 Conn. 281, 290–91, 715 A.2d 756 (1998).

In this case, the commissioner held hearings on two separate occasions in which evidence was taken and facts were found to resolve all of the outstanding issues. The board has yet to determine whether the proceedings of the commissioner were consistent with its opinion.

Because § 31-301b authorizes an appeal to this court only from the decision of the board, this court lacks subject matter jurisdiction to hear an appeal taken directly from the decision of the commissioner. Because "[j]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent"; (internal quotation marks omitted) *Serrani* v. *Board of Ethics,* 225 Conn. 305, 308, 622 A.2d 1009 (1993); we cannot allow the parties to a workers' compensation hearing to agree to remove the review of the results of a remand for determinations that are more than ministerial from the board. We conclude that this

court lacks subject matter jurisdiction to decide this appeal.

The appeal is dismissed.

In this opinion the other judges concurred.