JEAN O'CONNOR *v.* MED-CENTER HOME
HEALTH CARE, INC., ET AL.
(SC 18382)

Rogers, C. J., and Norcott, Palmer, Zarella, Eveleigh and Vertefeuille, Js.

---

Argued September 8—officially released December 13, 2011

*Robert K. Jahn*, for the appellants (defendants).

*Jean O'Connor*, pro se, the appellee (plaintiff).

PALMER, J. In this certified appeal, the defendants, Med-Center Home Health Care, Inc., and AIG Claims Service, Inc., appeal from the judgment of the Appellate Court, which dismissed their appeal from the decision of the compensation review board (board) upholding the decision of the workers' compensation commissioner for the fifth district (commissioner) awarding the plaintiff, Jean O'Connor, total disability benefits and reimbursement for certain prescription medication payments and mileage under the Workers' Compensation Act (act), General Statutes § 31-275 et seq. The board affirmed the commissioner's decision in all respects but remanded the case to the commissioner for a determination of the specific amounts to be reimbursed to the plaintiff. The commissioner subsequently issued supplemental findings and an award specifying those amounts, and the defendants appealed to the Appellate Court, claiming that the board improperly had upheld the commissioner's finding of total disability. The Appellate Court, sua sponte, dismissed the appeal for lack of subject matter jurisdiction, concluding, in reliance on *Fantasia* v. *Tony Pantano Mason Contractors, Inc.*, 54 Conn. App. 194, 732 A.2d 822, cert. denied, 250 Conn. 927, 738 A.2d 655 (1999), that General Statutes § 31-301 (a)[1] required the defendants to appeal to the board from the commissioner's supplemental findings and award and, further, that their failure to do so deprived the Appellate Court of subject matter jurisdiction over the appeal. We granted the defendants' petition for certification to appeal limited to the follow-

[1] General Statutes § 31-301 (a) provides in relevant part: "At any time within twenty days after entry of an award by the commissioner, after a decision of the commissioner upon a motion or after an order by the commissioner according to the provisions of section 31-299b, either party may appeal therefrom to the Compensation Review Board by filing in the office of the commissioner from which the award or the decision on a motion originated an appeal petition and five copies thereof. . . ."

ing issue: "Did the Appellate Court properly determine that it lacked jurisdiction over the present appeal?" *O'Connor* v. *Med-Center Home Health Care, Inc.*, 292 Conn. 910, 973 A.2d 107 (2009). We conclude that the Appellate Court has jurisdiction over the appeal and, accordingly, reverse its judgment.

The following facts and procedural history are relevant to our disposition of this appeal. The plaintiff filed a claim for workers' compensation benefits for injuries that she had sustained while employed by Med-Center Home Health Care, Inc. The commissioner found that the plaintiff's injuries were compensable under the act and awarded the plaintiff total disability benefits. The commissioner also ordered the defendants to reimburse the plaintiff for certain mileage and prescription medication costs related to her covered injuries. The defendants appealed from the commissioner's decision to the board, which upheld the commissioner's findings and award but remanded the case to the commissioner for a determination of the specific amounts to be reimbursed to the plaintiff. Prior to the commencement of the proceedings on remand, the defendants appealed from the decision of the board to the Appellate Court, which, sua sponte, dismissed the appeal for lack of a final judgment due to the fact that the board had remanded the case to the commissioner for a determination of the specific amounts to be reimbursed. The Appellate Court concluded that the board's decision was not a final judgment because the proceedings on remand would require the commissioner to take additional evidence and exercise independent judgment or discretion.[2]

---

[2] We note that the defendants contend that the board's remand order did not require the commissioner to take additional evidence because, during the original hearing on the plaintiff's claims for reimbursement for the cost of prescription medication and for mileage, the plaintiff already had submitted documentary evidence detailing the full extent of those costs, which the commissioner had accepted as full exhibits.

Following the commissioner's issuance of his supplemental findings and award specifying the amounts to be reimbursed to the plaintiff, the defendants brought a second appeal to the Appellate Court, claiming that the board improperly had upheld the commissioner's finding that the plaintiff is totally disabled. After the parties filed their briefs, the Appellate Court, again, on its own motion, ordered the parties "to appear and give reasons, if any, why the appeal should not be dismissed because [the defendants'] failure to appeal to the [board] following the commissioner's [supplemental] award deprives the Appellate Court of jurisdiction over the appeal. See *Fantasia* v. *Tony Pantano Mason Contractors, Inc.*, [supra, 54 Conn. App. 194]."

At oral argument before the Appellate Court on that court's order to show cause, both the defendants and the plaintiff maintained that the Appellate Court had jurisdiction over the appeal pursuant to General Statutes (Rev. to 2009) § 31-301b[3] because the defendants were not challenging or aggrieved by the commissioner's supplemental findings and award specifying the amounts to be reimbursed to the plaintiff, only the board's earlier decision upholding the commissioner's finding of total disability. The defendants maintained that, because they were not aggrieved by the supplemental findings and award, there was no reason for them to appeal to the board from those findings and

[3] General Statutes (Rev. to 2009) § 31-301b provides: "Any party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the Appellate Court."

All references in this opinion to § 31-301b are to the 2009 revision.

We note that, subsequent to our granting of certification in this case, the legislature enacted Public Acts 2009, No. 09-178, § 1 (P.A. 09-178), which amended § 31-301b to permit appeals from decisions of the board to the Appellate Court "whether or not the decision is a final decision within the meaning of [General Statutes §] 4-183 or a final judgment within the meaning of [General Statutes §] 52-263." The parties do not claim that P.A. 09-178, § 1, applies to the board's decision in the present case.

award. Indeed, the defendants asserted that such an appeal likely would be viewed by the board as unnecessary and a waste of time and resources. Additionally, the defendants argued that, because the commissioner had performed a purely ministerial act in determining the amounts to be reimbursed to the plaintiff, the board's decision to uphold the commissioner's initial findings and award was an appealable final judgment. Finally, the defendants claimed that *Fantasia* v. *Tony Pantano Mason Contractors, Inc.*, supra, 54 Conn. App. 194, was factually distinguishable and therefore not controlling with respect to the jurisdictional issue raised by the court. The Appellate Court was not persuaded by these arguments and dismissed the appeal for lack of subject matter jurisdiction. The defendants subsequently filed a motion for reconsideration, which the Appellate Court denied. This appeal followed.

On appeal to this court, the defendants claim that the Appellate Court improperly concluded that *Fantasia* v. *Tony Pantano Mason Contractors, Inc.*, supra, 54 Conn. App. 194, required them to appeal to the board from the commissioner's supplemental findings and award, and that their failure to do so deprived the Appellate Court of subject matter jurisdiction over the appeal. The defendants contend that the jurisdictional requirements of § 31-301b, which governs appeals from the board to the Appellate Court, were fully satisfied in this case and that the Appellate Court's conclusion to the contrary is incorrect. We agree.

General Statutes (Rev. to 2009) § 31-301b provides that "[a]ny party aggrieved by the decision of the [board] upon any question or questions of law arising in the proceedings may appeal the decision of the [board] to the Appellate Court." Despite the broad language of § 31-301b, for more than eighteen years, we interpreted that statute as imposing a final judgment requirement on appeals from the board to the Appellate Court such

that, "[w]hen the board remand[ed] a case to the commissioner for further proceedings in connection with the challenged award, the finality of the board's decision [was] called into question . . . . In such circumstances, [t]he test that determine[d] whether such a decision [was] a final judgment turn[ed] on the scope of the proceedings on remand: if such further proceedings [were] merely ministerial, the decision [was] an appealable final judgment, but if further proceedings [would] require the exercise of independent judgment or discretion and the taking of additional evidence, the appeal [was] premature and [had to] be dismissed." (Citation omitted; internal quotation marks omitted.) *Hummel* v. *Marten Transport, Ltd.*, 282 Conn. 477, 485, 923 A.2d 657 (2007). "The policy concerns underlying the final judgment rule are to discourage piecemeal appeals and to facilitate the speedy and orderly disposition of cases at the trial court level." (Internal quotation marks omitted.) *Mazurek* v. *Great American Ins. Co.*, 284 Conn. 16, 33, 930 A.2d 682 (2007).

This case clearly does not implicate the policies that animated the final judgment requirement of § 31-301b prior to its amendment in 2009. See footnote 3 of this opinion. Moreover, the Appellate Court did not dismiss the defendants' second appeal for lack of a final judgment. Indeed, the board's decision upholding the commissioner's initial findings and award was a final judgment when the defendants filed their second appeal. Even if that decision had not been a final judgment at the time of its issuance because the proceedings on remand were not purely ministerial, the decision certainly would have become a final one upon the termination of those proceedings, at which time no party was aggrieved by the supplemental findings and award. We therefore agree with the defendants that the jurisdictional requirements of § 31-301b were fully satisfied when they filed their second appeal.

We also agree with the defendants that the Appellate Court improperly concluded, on the basis of *Fantasia* v. *Tony Pantano Mason Contractors, Inc.*, supra, 54 Conn. App. 195, 200–201, that § 31-301 (a) required them to appeal to the board from the commissioner's supplemental findings and award, and that their failure to do so deprived the Appellate Court of subject matter jurisdiction over the appeal. General Statutes § 31-301 (a) simply provides that an aggrieved party "may" appeal to the board "[a]t any time within twenty days after entry of an award by the commissioner . . . ." There is nothing in the language of that provision to suggest that a party *must* appeal to the board when an award is issued after a remand for further proceedings in connection with a challenged award if the party is not aggrieved by the subsequent award. In fact, requiring an appeal to the board in such circumstances would impose a wholly unnecessary burden on the parties and the board by forcing them to participate in an unwanted and meaningless appellate proceeding, the result of which would be both uncontested and preordained. This completely untenable result cannot be mandated by § 31-301 (a). To the extent that *Fantasia* v. *Tony Pantano Mason Contractors, Inc.*, supra, 195, 200–201, holds to the contrary, it is hereby overruled.[4]

---

[4] Although the defendants have contended, both in this court and in the Appellate Court, that *Fantasia* v. *Tony Pantano Mason Contractors, Inc.*, supra, 54 Conn. App. 194, is factually distinguishable from the present case and therefore not controlling with respect to the jurisdictional issue presented by this appeal, we see no material difference between that case and the present case. In *Fantasia*, the Appellate Court concluded that it lacked jurisdiction over an appeal because the appellant had failed to appeal to the board from a supplemental finding and award issued after a remand by the board for further proceedings in connection with a challenged award, even though the appellant was not aggrieved by the supplemental finding and award. Id., 196–97, 200–201. Although the reasoning of the Appellate Court in *Fantasia* is not entirely clear, it appears that the court based its decision on the belief that the board had a right or obligation to determine "whether the proceedings of the commissioner [on remand] were consistent with [the board's] opinion"; id., 200; even though no party was aggrieved by those proceedings. The Appellate Court did not cite any statutory or

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings according to law.

In this opinion the other justices concurred.

other authority for this conclusion, however, and we are aware of none. Indeed, we can think of no reason why an appeal to the board should be required under such circumstances, and, as we have discussed, there is compelling reason why such a requirement should not be engrafted onto the statute.